## Ex Parte Robert Nelson.

### No. 5304. Decided February 12, 1919.

**1.—Convict—Parole—Arrest—Bench Warrant—Governor's Proclamation.**

Where relator was convicted of murder, and thereupon paroled conditionally by the Governor during his good behavior, and in the meantime was rearrested for another felony and placed in jail, and then sued out a writ of habeas corpus before this court, claiming that his detention by reason of the second arrest was illegal, and that he could only be brought to trial for the second felony by arrest under a bench warrant, etc. Held, that his status was not such as to prevent his arrest and detention under a process issued by virtue of another indictment for murder, and that the application for a writ of habeas corpus is therefore dismissed.

**2.—Same—Constitutional Law—Pardoning Power—Governor—Convict.**

It is not within the power of the Legislature to enlarge or restrict the pardoning power vested in the executive, nor to impose conditions upon which it may be exercised, nor requirements touching the conditions precedent or subsequent which are to be imposed by the executive upon the convict, and articles 1057a and 1057b, Code Criminal Procedure, do not purport to do so. Following Snodgrass v. State, 67 Texas Crim. Rep., 615.

**3.—Same—Conditional Pardon—Rule Stated.**

A pardon is conditional when it does not become operative until the grantee has performed some specified act, or when it becomes void upon the occurrence of some specified event. Following Carr v. State, 19 Texas Crim. App., 635, and other cases.

**4.—Same—Warrant of Arrest—Informal Commitment.**

Where the relator was held under an indictment for murder to await his trial, he will not be discharged because of an informal commitment or warrant of arrest.

From Fayette County.

Habeas corpus proceeding before this court, asking release from arrest under an indictment of murder on the ground that the Governor had issued his proclamation granting him parole under a conviction of another indictment of murder.

The opinion states the case.

*W. T. Duncan* and *John E. Shelton,* for relator.

*C. M. Cureton,* Attorney General, and *E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Relator was convicted of murder and sentenced to confinement in the penitentiary for a period of twenty-five years.

The Governor of the State has issued the following proclamation granting him parole:

"Whereas, at the December term, A. D. 1917, of the District Court of Fayette County, State of Texas, Robert Nelson was convicted on a charge of murder, and his punishment assessed at five to twenty-five years confinement in the State penitentiary; and

"Whereas, it appeared that appellant, Robert Nelson, has now served nearly a year of his sentence with a clear prison record and eight days overtime to his credit. Now Hon. J. L. Hunter of Austin, Texas, is asking for his parole; and

"Whereas, Hon. J. L. Hunter of Austin, Texas, agrees to pay the said Robert Nelson $15 per month for his services as general laborer and he also agrees to furnish him with his board and lodging, take a friendly interest in him and to report to the Prison Commissioners each month in regards to his conduct and health;

"Whereas, the Board of Prison Commissioners, who investigated the facts surrounding this case, recommended that the applicant be permitted to go out of the confines of the prison enclosures, and yet remain in the boundaries of the State of Texas, subject to the rules of parole as provided by the Board of Prison Commissioners;

"Now, therefore, I, W. P. Hobby, Governor of Texas, do by virtue of the authority vested in me by the Constitution and laws of this State, hereby for the reason specified, now on file in the office of the Secretary of State, grant the said Robert Nelson a parole, conditioned on his good behavior and observance of the law and rules under which application for a parole was made."

He was, at the time of his arrest hereinafter referred to, enjoying the privileges extended to him by the Executive in the proclamation mentioned. He is under indictment for murder in another and different case, which is pending on the docket of the District Court of Fayette County. The clerk of that court issued a warrant for his arrest under that indictment and he is held in the county jail of Fayette County awaiting the meeting of the District Court for trial.

His application for habeas corpus is based upon the proposition that the authority of the District Court to cause his detention by reason of the indictment of murder pending would be limited to the power of that court to issue a bench warrant bringing him before the court while in session in order that he might undergo trial.

We find in the Code of Criminal Procedure, articles 1057a and 1057b, the following:

"Art. 1057a. Meritorious prisoners who are now or may hereafter be in prison under a sentence to penal servitude may be allowed to go upon parole, outside of the building and jurisdiction of the penitentiary authorities subject to the provisions of this Act, and to such regulations and conditions as may be made by the Board of Prison Commissioners, with the approval of the Governor of this State, and such parole shall be made only by the Governor, or with his approval."

"Art. 1057b. Paroled prisoners to remain under control of Board of Prison Commissioners; retaking; warrants.—While on such parole such

prisoners shall remain under the control of the Board of Prison Commissioners and subject at any time to be taken back within the physical possession and control of the said Board of Prison Commissioners as under the original sentence, but such retaking shall be at the direction of the Governor, and all orders and warrants issued by said Board of Commissioners under such authority for the retaking of such prisoners shall be sufficient warrants for all officers named therein to return to actual custody and parole convicts, and it is hereby made the duty of all officers to execute such orders as ordinary criminal processes."

These provisions are also found in the Acts of 1911, chapter 64.

Section 11 of article 4 of the Constitution is as follows:

"In all criminal cases, except treason and impeachment, he shall have power after conviction to grant reprieves, commutations of punishment and pardons; and under such rules as the Legislature may prescribe, he shall have power to remit fines and forfeitures. With the advice and consent of the Senate, he may grant pardons in cases of treason, and to this end he may respite a sentence therefor, until the close of the succeeding session of the Legislature; provided, that in all cases of remissions of fines and forfeitures, or grants of reprieve, commutation of punishment or pardon, he shall file in the office of the Secretary of State his reasons therefor."

Both in the passage of the law mentioned and the making of the proclamation referred to, there is contained a recognition of the fact that the abridgment and modification of the terms of imprisonment contemplated are referable to the authority to exercise executive clemency which is conferred upon the Governor of the State in the constitutional provision mentioned. The Governor possesses under this provision the power to exercise executive clemency in relieving persons convicted of felony of all or any part of the term of imprisonment to which they are condemned by the judgment of the court. This power is vested in the Governor and is subject to no limitations by the Legislature other than that mentioned in the constitutional provision with reference to the remission of fines and forfeitures and with reference to cases of treason. The Governor, in the exercise of executive clemency may impose conditions upon the subject of it. It is said in Carr v. State, 19 Texas Crim. App., 635, and other cases, that "a pardon is conditional when it does not become operative until the grantee has performed some specified act, or when it becomes void upon the occurrence of some specified event." See Harris' Constitution, p. 335, and cases cited. And the pardoning power embraces only cases in which there has been a conviction. Camron v. State, 32 Texas Crim. Rep., 180; Cyc., vol. 29, p. 1570.

It is not within the power of the Legislature to enlarge or restrict the pardoning power vested in the executive, nor to impose conditions upon which it may be exercised, nor requirements touching the conditions precedent or subsequent which are to be imposed by the executive upon the convict and the acts mentioned do not purport to do so. In

fine, the pardoning power is vested in a separate branch from that to which the legislative authority is given. While the Act of the Legislature in question declares that a paroled prisoner shall remain under the control of the Board of Prison Commissioners, it in terms provides that his retaking into physical possession shall be only at the direction of the Governor. An interesting discussion of the principles of law governing the exercise of the pardoning power and a copious citation of authorities thereon will be found in the case of Snodgrass v. State, 67 Texas Crim. Rep., 648, also 615, wherein it was held that an Act of the Legislature attempting to vest in the District Courts authority to suspend the sentence and ultimately discharge the convict transcended the authority of the legislative branch of the government and encroached upon that of the executive department.

Our view of the law as it relates to the instant case is, that such privileges as the relator enjoys under the facts stated do not arise from the parole law mentioned but rest upon the power of executive clemency vested in the Governor; that at the time of his arrest he was not in the penitentiary nor did there exist in the penitentiary authorities any right or power to subject him to imprisonment unless as a condition precedent therefor the Governor so directed. Such liberty as he enjoys under the parole proclamation is referable alone to the pardoning power and the proclamation is to be classified as a conditional pardon.

From this view of the law the conclusion follows that his status was not such as to prevent his arrest and detention under a process issued by virtue of an indictment for murder.

Some question is raised concerning the form of the process or warrant under which he is imprisoned. It being conceded that he is under indictment for murder returned by the grand jury of Fayette County and that under such indictment he is held in custody to await his trial, we are of the opinion that we are not authorized, under the law, to order his discharge because of an informal commitment or warrant of arrest. Article 205, C. C. P., is as follows:

"If it shall appear that the applicant is detained or held under a warrant of commitment which is informal, or void; yet, if from the document on which the warrant was based, or from the proof on the hearing of the habeas corpus, it appears that there is probable cause to believe that an offense has been committed by the prisoner, he shall not be discharged, but shall be committed or held to bail by the court or judge trying the application under habeas corpus."

Applying this statute to the case in hand, we are of opinion that it is not the duty of this court to grant the application for writ of habeas corpus. Its dismissal is therefore ordered.

*Dismissed.*