## EX PARTE OSCAR SPARKS.

### No. 6477.   Decided October 26, 1921.

**1.—Felony Convict—Parole by Governor—Practice in Court of Appeals.**

Where application for *habeas corpus* is filed in this court during vacation, the judges of this court may hear argument concerning the matter during vacation, and may decline bail pending the hearing.   Following Ex Parte Erwin, 7 Texas Crim, App., 288.

**2.—Same—Parole Convict—Parole—Revocation—Statutes Construed.**

Granting the parole proclamation of the governor under which the relator claimed his liberty to be properly classified as in the nature of a conditional pardon, etc., yet the rules and statutes governing parole, the relator having accepted his liberty thereunder, is bound by the terms of the proclamation, and said parole may be revoked, and the application for release is therefore dismissed.

From Harrison County.

Original *habeas corpus* proceedings, in which relator sought release from arrest by reason of the revocation of a proclamation for parole by the Governor of the State.

The opinion states the case.

*Y. D. Harrison, Julian P. Harrison, H. T. Lyttleton,* and *Davidson & Blalock,* for relator.—Cited: Alvarez v. State, 111 Am. St. Rep., 102; Re William Riddley, 26 L. R. A., 110; State v. Horne, 7 L. R. A. 719.   Ex parte Hornie, L. R. A., 1915.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The appellant, after conviction of a felony, was placed in custody of John F. Womack by proclamation of the Governor, reciting that for certain reasons filed with the Secretary of State, he granted Oscar Sparks a parole "conditioned on his good behavior and observance of the law and rules under which said application for parole was made," and further stating that the Board of Prison Commissioners had investigated the facts surrounding the case and had recommended that the application of relator to be permitted to go outside of the prison inclosures and remain within the bounds of the State of Texas, subject to the rules of parole as provided by the Board of Prison Commissioners, be granted. Subsequently, Governor Neff, by proclamation reciting that Oscar Sparks had broken the terms of the parole and that he had satisfactory reasons for so doing, revoked the parole theretofore granted and directed that Sparks be taken into custody and confined in the penitentiary pending the expiration of his term of sentence. Sparks later sought his release by application for writ of *habeas corpus* presented to the Honorable P. O. Beard, Judge of the District Court of Harrison County, in which application he averred that his restraint was illegal in that he had breached no permit, rule or regulation upon which he had enjoyed his liberty and further than that he was a subject of physical defects which rendered his confinement dangerous to his life.

The cause was heard and the relator remanded to custody by order of the District Judge. Notice of appeal was given, but so far as we are aware, the record on appeal has not reached this court. The matter is here upon an original application for *habeas corpus* revealing the facts herein recited and challenging the legality of his detention. The application was filed here during vacation and relator sought release on bail pending the hearing of said appeal. The Judges of the Court of Criminal Appeals heard argument concerning the matter during vacation and declined the request for bail. In so doing, we acted in consonance with our understanding of the construction of the statutes and constitutional provisions relating to *habeas corpus* proceedings heretofore announced by this court. (See Ex parte Erwin, 7 Texas Crim. App. 288; Rose's Notes on Tex. Rep. 2nd Ed. vol. 5, p. 52.

On the present hearing we are constrained to deny the release upon the grounds: first, that the order of the District Judge remanding relator, in the absence of its reversal on appeal, is conclusive of the legality of the restraint; second, for the reason that on the merits of the case. we regard the revocation of the parole by the Governor as within the scope of the power of the executive. This subject we have given attention in the case of Ex parte Redwine, No. 6473, recently decided, the point therein made being that the Governor was without power to summarily revoke the parole and that the right to challenge the existence of the facts upon which the revocation was based in the courts obtained. The parole proclamation in Redwine's case and in

this one adopts as a part thereof the statutes of the state known as the Parole Law. (See Chap. 4, Title 12, Vernon's Texas Crim. Proc. and the rules of the Prison Board made by virtue thereof.) Granting the parole proclamation under which the relator claims his liberty to be properly classified as in the nature of a conditional pardon (Ex parte Nelson, 84 Texas Crim. Rep. 506), and granting that the parole statutes in no wise hampered or restricted the control of the exercise of executive clemency which is, by the constitution, vested in the Governor, that officer having in the proclamation in question adopted, by reference, the rules and statutes governing parole, the relator, having accepted his liberty thereunder, is bound by the terms of the proclamation. The rules and statutes mentioned reserved in the executive the right to summarily revoke the parole. As said in Redwine's case:

"If the terms of the grant, expressly or by necessary implication, make any other authority than the courts the arbiters of the question as to when the conditions of the grant have been violated, then the prisoner's quarrel lies not with the courts for refusing to assume jurisdiction but with the Governor when he made the terms of the grant, and the prisoner himself when he accepted them."

The application is dismissed.

*Dismissed.*