## Ex Parte Mart Shaw.

No. 6491. Decided November 2, 1921.

**Habeas Corpus—Pardon—Revocation of Pardon—Parole by Governor.**

Where the legal questions in the instant case are identical with those discussed in the previous case of Ex parte Redwine, 236 S. W. Rep. 96, and others, they need not be again considered, and the relator is remanded to custody.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a *habeas corpus* proceeding; denying defendant application for discharge under a parole by the Governor.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, JUDGE.—The relator on September 2, 1919, was confined in the penitentiary under conviction for murder in two cases from Kaufman County, life sentences having been imposed in each case. On the date above stated he was paroled by Governor W. P. Hobby to W. T. Nash of Kaufman County. On the 10th day of June 1921 Governor Pat M. Neff revoked the parole, and the sheriff of Kaufman County took relator into custody pursuant to said revocation.

Upon a *habeas corpus* hearing before Hon. Joel R. Bond, Judge of the 86th Judicial District, to test the legality of such revocation, relator was remanded to the sheriff to be returned to the penitentiary, and from that order this appeal was taken.

The legal questions are identical with those discussed in the cases of Ex parte Jewell Redwine, 236 S. W. Rep., 96, decided October 19th, and Ex parte Oscar Sparks, decided October 26th. Believing the issues raised to have been correctly decided adversely to relator's contentions, the judgment of the trial court remanding relator for return to the penitentiary, will be affirmed.

*Affirmed.*