# MARCH 15, 1933

### ALBERT ARGON V. THE STATE.

No. 15749.   Delivered March 15, 1933.
Reported in 58 S. W. (2d) 108.

The opinion states the case.

*Fletcher S. Jones,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Theft is the offense; penalty assessed at confinement in the penitentiary for five years.

On the 21st of May, 1929, the appellant was convicted in Hardin county and a penalty assessed against him at confinement in the penitentiary for five years.   He was given a suspended sentence by the verdict of the jury.   On the first day of September, 1932, there was filed in Hardin county a motion to revoke the suspension of the sentence, which motion was granted over the objection of the appellant.   It appears that subsequently, on the 9th day of April, 1930, the appellant was

convicted in Harris county of a felony theft. On the 12th day of May, 1931, the appellant was given a general parole by the proclamation of the Governor. His term expired and final discharge was given him by the prison authorities on November 18, 1931.

Reliance is had upon the case of Sanders v. State, 1 S. W. (2d) 901, in which the accused was convicted of a felony in 1922 and a five-year suspended sentence was given him. In 1927, he was convicted of another felony. In the latter case, he was given a full pardon by Governor Ferguson. It was the position taken by Sanders that the full pardon in the subsequent case having been granted, the case could not be made the basis for setting aside the suspended sentence in the previous case. This conviction was suspended upon the fact that the *full pardon* granted in the second case was an insurmountable obstacle to using that case as a basis for the reopening of the previous case, as provided by article 779, C. C. P., 1925.

In the present appeal, no full pardon was granted, but merely a parole carrying with it certain conditions, as follows: "Now, therefore, I, R. S. Sterling * * * do hereby grant unto the said O. G. Orbregon a GENERAL PAROLE conditioned upon his good and lawful behavior. It is provided that he shall keep employed and be of actual assistance to his mother."

A general parole does not possess the finality which is attached to a pardon. A parole is a release of a convict from imprisonment, on specified conditions to be observed by him, and a suspension of his sentence during the liberty thus granted. See Ex parte Ridley, 106 Pac., 549, 551, 3 Okla. Cr., 350, 26 L. R. A. (N. S.) 110. See, also, 5 Words & Phrases, 3rd Series, 817; Ex parte Mason, 233 Pac., 785; In re Eddinger, 211 N. W., 54, 236 Mich., 668. Numerous other cases are cited in the volume of Words & Phrases mentioned above.

It is the appellant's contention that the verdict of the jury in the case in Hardin County is void for the reason that it contained the following languages: "* * * and assess his penalty at five (5) years in the 'Pen', and recommend the sentence be suspended," and that a judgment entered upon the sentence cannot be made the basis of the present prosecution. We are not able to bring ourselves in accord with the appellant's contention that the use of the word "pen" vitiated the verdict. Many cases are cited in Branch's Ann. Tex. P. C., pp. 332, 333, secs. 647, 648, which are regarded as being in opposition to the contention of the appellant.

The case of Keeler v. State, 4 Texas App., 527, is relied

upon. In that case, the opinion of the Court of Criminal Appeals, written by Judge Winkler, is as follows:

"The verdict is defective in that the punishment is assessed 'at two years in the state *penty*.' The judgment is defective in that it does not adjudge the accused guilty, and name the offense of which he is adjudged guilty. The proof is defective in that it tends rather to show that the money charged to have been misapplied was an advance payment made to the accused, rather than money of another, or others, intrusted to him.

"It is questionable whether the indictment is sufficient to admit such proof of the identity of the money as would warrant a conviction. For these errors, apparent on the face of the transcript, the judgment must be reversed and remanded."

In the case of Evans v. State, 35 Texas Crim. Rep., 487, it was indicated that the word "penty" might be regarded as an abbreviation for the word "penitentiary." Other illustrative cases touching the designation of the place of imprisonment are the following:

In the case of McCoy v. State, 7 Texas App., 379, the verdict contained the following language: "We, the jury, find the defendant guilty, and assess his punishment *a* five years in the State *prisin*."

In the case of Taylor v. State, 5 Texas App., 569, it was held that the word "guity" in the verdict was synonymous with "guilty."

In the case of Krebs v. State, 3 Texas App., 348, this court held that the following: "We, the juror, find the defendant guilty, and *sess* his punishment *deth*," was an intelligible verdict in a murder case.

See, also, McMillan v. State, 7 Texas App., 100; Hoy v. State, 11 Texas App., 32; Garcia v. State, 48 Texas Crim. Rep., 528, and many other cases cited in Branch's Ann. Tex. P. C., p. 333, sec. 648.

There appearing no error authorizing a reversal, the judgment is affirmed.

*Affirmed.*