## EX PARTE MRS. DAVID BLACK.

No. 15728. Delivered March 15, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 828.

The opinion states the case.

*Taylor, Muse & Taylor,* of Wichita Falls, for appellant.

*Sam B. Spence,* District Attorney, and *Geo. W. Anderson,* Asst. Dist. Attorney, both of Wichita Falls, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The relator was convicted in the District Court of Wichita County, in January, 1931, of a misdemeanor theft with a penalty of confinement in the county jail and a fine of $50.00.

There was an appeal which was concluded against the appellant on June 1, 1932. On that day the Governor of the state, upon certain declarations involving the health of the relator which were recited in the preamble, issued the following proclamation:

"Now, THEREFOR I, R. S. STERLING, Governor of the State of Texas, by virtue of the authority vested in me under the Constitution and laws of this State, for the reasons stated above and now on file in the office of the Secretary of State, do hereby grant unto the said Mrs. David Black a NINETY DAY FURLOUGH (effective June 29, 1932) for the above mentioned reasons. It is provided that she shall maintain exemplary conduct.

"IN TESTIMONY WHEREOF, I have hereunto signed my name officially and caused the Seal of State to be impressed hereon at Austin, this the 29th day of June, A. D., 1932.

"R. S. STERLING,
"Governor of Texas."

On the 27th day of September, 1932, a "furlough" in like terms as that above quoted was renewed and extended to the expiration date of October 29, 1932. In each of the proclama-

tions it is stated that the "furlough" was issued upon the recommendation of a physician, stating in substance that confinement in prison might impair the health of the relator. At the expiration time set forth in the second furlough the relator was arrested and held in custody by the sheriff.

An application for a writ of habeas corpus was presented and denied and perfected to this court.

The relator contends that the proclamation of the Governor was in fact a "parole" though described as a "furlough," and that the effect of the proclamation was to terminate the right of the state to imprison the relator.

The sole power of granting clemency is vested in the Governor of the state in article 4, section 11, of the Constitution, in the following language:

"In all criminal cases, except treason and impeachment, he shall have power after conviction, to grant reprieves, commutations of punishment, and pardons; and, under such rules as the Legislature may prescribe, he shall have power to remit fines and forfeitures."

The term "parole" in our law, so far as it relates to convicts, is found in the Civil Statutes governing the penitentiary authorities, and under Acts 41st Leg., 1st Called Session, chap. 45, is but a regulation of the Legislature permitting the prison authorities to reward convicts for obedience by extending to them unusual privileges. In its legal aspects, the parole law has no relation to the power conferred upon the Governor by the Constitution. The authority of the Governor rests in the declaration quoted above from article 4, section 11, Const. of Texas. See Ex parte Redwine, 236 S. W., 96.

We are in agreement with the relator to the effect that it is the substance of the proclamation of the Governor and not the name by which it is designated, that controls its effect. The elements of a statutory parole are obviously not embraced in nor a part of the proclamation, which applies to prisoners convicted of felonies, after they reach the penitentiary, and seems not applicable to misdemeanors.

In the present instance, the effect of the proclamation of the Governor was to postpone the date upon which the relator should begin her sentence. Manifestly, it was not intended to and did not have the effect of relieving her of the sentence, but simply to postpone its execution. During the time elapsing between the date of the executive proclamation and the date fixed for the beginning of the relator's imprisonment, she was not restrained of her liberty and was not in custody, either actually or theoretically. She had not acquired any right to

credit on her term of imprisonment. Considered in the light of the terms and disclosed purposes of the proclamation, it has the attributes of a reprieve which is one of the acts of clemency embraced in the governor's authority.

The term "reprieve" has been defined thus:

"A reprieve signifies the suspension for a time, of the execution of a sentence which has been pronounced. * * * A reprieve * * * is the withdrawing of a sentence for an interval of time." Butler v. State, 97 Ind., 373, 374.

"The term 'reprieve,' * * * is merely used to signify the postponement of the sentence for a time. It does not and cannot defeat the ultimate execution of a judgment of the court; it merely delays it." (Clifford v. Heller, 42 Atl., 155, 159, 63 N. J. Law, 105, 57 L. R. A., 312.)

See other citations of judicial decisions in Words & Phrases, 1st Series, vol. 7, pp. 6115-6116; Words & Phrases, 3rd Series, vol. 6, p. 726; also Gore v. Humphries, 163 Ga., 106, 135 S. E., 481, 485; Ex parte Dormitzer, 119 Oregon, 336, 249 Pac., 639. See, also, Bouvier's Law Dictionary, Baldwin's Century Edition, p. 1055.

On the revealed facts, in the light of the legal principles as we understand them, the relator is not entitled to discharge.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Applicant moves for rehearing. As supporting our conclusion that what was intended by the Governor of Texas in granting to applicant a "furlough" was not the same as in granting a parole, during the continuance of which latter she would have been serving time as a prisoner, we call attention to the language appearing in the proclamation of the Governor in each instance as follows: "Dr. J. H. Fletcher writes that because of this woman's nervousness, her insomnia, her oversize, and because of her mind being subnormal and because of the fact that she is suffering from a mild case of kleptomania, he believes it would be to the best interest of the State to postpone her imprisonment until the weather gets cooler and when she is confined it is his recommendation that she be watched very closely to keep her from doing harm to herself."

It is perfectly plain that it was the intention of the executive that applicant should serve out the prison term given her by the jury when "the weather gets cooler," and that, according to the

476

doctor's suggestion, having reference to some future occurrence, the Governor said, "When she is confined," etc.

We are of opinion that, whatever may have been applicant's understanding, it was not intended nor expressed in the document called a "furlough" that during the period of the continuance of same, applicant's time was to be counted upon her service of the prison term, or credit given her therefor.

There is some confusion in the record. The agreed statement of facts shows that applicant was given a term of four months' imprisonment in the county jail for misdemeanor theft; the proclamation of the Governor recites that she was given thirty days and a fine of $50. The original opinion of this court, based likely on what was said in the proclamation, stated that applicant was fined $50. Regardless, applicant's motion for rehearing is overruled, and she is remanded to the custody of the sheriff to be kept by him in obedience to the original judgment of the district court of Wichita county.

*Overruled.*