EX PARTE EDDIE SEYMOUR.

No. 24948. June 28, 1950.

Relator represented himself.

*George P. Blackburn,* State's Attorney, Austin, for the state

GRAVES, Judge.

This is an original application for the issuance of a writ of habeas corpus by relator, alleging that he is unlawfully held as an inmate of the state prison in that he was committed thereto for life as an habitual offender; that while serving such term, Governor Stevenson granted to him a conditional pardon and turned him over to a U. S. Marshal "conditioned that he be released to U. S. Marshall; conditioned upon his conducting himself in all things in an exemplary manner," etc.; that he was taken by such marshal to Louisiana and there convicted finally and given a term of five years in some institution; that he was afterwards released from such institution and finally found in Houston, Texas; that the Governor revoked such conditional pardon and he is now in the state prison.

It is not shown what was contained in such revocation of the pardon, but it is shown in the pardon that the same was granted on condition of good behavior and was revokable upon any misconduct or violation of the law, or if the pardoned person failed in any way to comply with the terms thereof; or for any other reason that the Governor may deem sufficient, including any facts not known to the Governor at the time of the clemency, this conditional pardon should be and is subject to revocation at the Governor's discretion, with or without hearing as the Governor may determine; and upon revocation by the Governor of this conditional pardon, the same shall become and be null and void and of no force and effect, and the said Eddie Seymour shall be returned to serve his original sentence.

We have repeatedly held that a conditional pardon is a contract between the pardoned person and the state; that its acceptance is an agreement to be bound by the terms thereof, and same can be limited by the terms of the clemency. See Ex

parte Davenport, 110 Tex. Cr. R. 326, for a full discussion thereof; also 20 Ruling Case Law, p. 573, sec. 61; and Ex parte Redwine, 91 Tex. Cr. R. 83, 236 S.W. 96, 261 U. S. 608, 67 L. Ed. 825, 43 Sup. Ct. 433.

If the relator accepted this conditional pardon, he is bound thereby; if he did not accept such conditional pardon, then the same is no contract and would be ineffective. Therefore, we do not think such clemency would entitle him to his release in view of the revocation thereof.

The writ will be refused.