## EX PARTE CHARLES MELTON LEFORS

No. 29,016. May 1, 1957.
Relator's Motion for Rehearing Overruled June 12, 1957.

*Charles W. Tessmer*, Dallas, for relator.

*Leon Douglas*, State's Attorney Austin, for the state.

WOODLEY, Judge.

Relator applies for writ of habeas corpus alleging that he is unlawfully restrained of his liberty by the sheriff of Dallas, County, Texas. The application was set for hearing upon the question of whether the writ should issue.

The question raised is the construction of Proclamation No. 56-2335, dated December 27, 1956, which recites that relator was convicted of "Theft and Repetition" in the district court of Jefferson County, Texas, on January 18, 1954 and sentenced to a term of ten years in the penitentiary; that "upon recommendation of the Board of Pardons and Paroles (records of which are on file in the office of the Secretary of State), on December 22, 1956 the Board of Pardons and Paroles recommended the Commutation of the ten (10) year sentence to time served. Now, therefore, I, Alan Shivers, Governor of the State of Texas, by virtue of the authority vested in me under the

Constitution and the laws of this State, do hereby grant unto — a conditional pardon, to Dallas County, Conditioned upon his conducting himself in all things in an exemplary manner; and conditioned further that he is hereby paroled to the Dallas County Parole Board to report immediately to Captain Walter C. Wolfe, 1707 Federal Street, Dallas 1, Texas, to whom he will be held accountable for his actions * * *."

Other conditions of the proclamation granting executive clemency were that if relator failed to comply with the terms thereof, one being that he remain "in the place to which he has been paroled," or for any other reason the Governor deemed sufficient, "this pardon shall be and is subject to revocation at the Governor's discretion, * * *."

It is shown that five days before the date of the proclamation relator was released from the penitentiary, the certificate of the prison authorities reciting that the release was "by virtue of a proclamation of the Governor herewith No. — Telephone — dated 12-22-56 granting the said convict a conditional pardon."

Relator signed an instrument at the time of his release reciting that "in addition to any special conditions of my conditional release" among other things he agreed to report to his parole supervisor; to make monthly reports to said supervisor " * * * until my final release;" and agreed that he would not leave the county to which he had been released without written consent.

The agreement also recites: "7. I understand that I will not be considered discharged until I am presented with my final discharge certificate issued by the Texas Prison System, and will continue to report to my parole advisor until the discharge certificate is received by me. * * * I further understand that the continuation of my clemency depends entirely upon my conduct * * * I am also fully aware that, for reasons deemed sufficient, my clemency may be amended or revoked at any time, and that should I fail in my duty and violate any laws or any rules hereinbefore set forth, or hereinafter imposed upon me, I am subject to being sent back to prison to serve the remainder of my sentence."

Following relator's arrest in Big Spring, Texas, and upon receipt of information from the Dallas County Parole Board, the Board of Pardons and Paroles recommended revocation of

"the conditional pardon granted this subject on 12-27-56 under proclammation Number 56-2335."

On February 28, 1957, Hon. Price Daniel, Governor of Texas, issued Proclammation No. 27-1437 reciting relator's conviction and the granting of conditional pardon, and further reciting the violation of the clemency granted "as is evidenced by a report of the Dallas County Parole Board which states that subject is on a $1000.00 peace bond after leaving Dallas County with his children without permission. He is also being treated in a mental hospital at this time, and has failed to fulfill the terms and conditions of this clemency and is not worthy of the trust and confidence placed in him."

Governor Daniel's proclamation revoked "the conditional pardon granted by the said Proclamation No. 56-2335," and ordered relator's return to and confinement in the penitentiary to serve the sentence imposed, and relator is in custody awaiting return to the penitentiary pursuant to the revocation proclamation.

The clemency proclamation signed by Governor Shivers, as shown therein, was issued upon the recommendation of the Texas Board of Pardons and Paroles that his sentence be commuted from ten years to time served.

To sustain relator's contention that he is entitled to discharge from custody, the proclamation signed by Governor Shivers must be construed to be a commutation of sentence from ten years to the time served, in which event the conditions recited in the proclamation and the agreement signed by relator at the time of his release from the penitentiary would be void and of no effect.

Commutation of sentence means the change of the punishment assessed to a less severe one. It differs from a pardon in that it may be imposed without the consent of the convict or against his will.

Pardons and conditional pardons are acts of grace, a pardon exempting the individual on whom it is bestowed from the punishment that has been assessed against him by the court, and a conditional pardon exempting him from such punishment upon the conditions therein provided. A pardon must be accepted in order to be effective.

Since the year 1936, under the provisions of the Constitution of Texas, Art. IV, Sec. 11 the power to grant commutation of sentence and pardons is vested in the Governor to be granted "on the written signed recommendation of the Board of Pardons and Paroles." The same section of the Constitution provides that the Governor shall have the power to revoke "paroles and conditional pardons," no recommendation of the Board of Pardons and Paroles being required.

A commutation of punishment is not equivalent to a full pardon, nor does the release of a prisoner on parole amount to a commutation.

A parole is classified as a conditional pardon. Ex parte Sparks, 90 Texas Cr. Rep. 190, 234 S.W. 393; Ex parte Nelson, 84 Texas Cr. Rep. 570, 209 S.W. 148.

Yet a parole does not possess the finality attached to a pardon, but is a release from imprisonment on specified conditions to be observed, the sentence remaining in effect during the liberty thus granted. 31 Texas Jur. p. 1258; Argon v. State, 123 Texas Cr. Rep. 151, 58 S.W. 2d 108.

In Ex parte Redwine, 91 Texas Cr. Rep. 83, 236 S.W. 96, 98, this court said "the conclusion seems universal that by whatever name the grant of release may be called, its exercise by the authority clothed by the Constitution with such power, if conditional must be construed by all parties affected according to said conditions."

Relator accepted release from the penitentiary upon condition.

The substance of the proclamation and not the name by which it is designated controls its effect. Ex parte Black, 123 Texas Cr. Rep. 472, 59 S.W. 2d 828.

The elements of a commutation of sentence are not embraced in the proclamation and manifestly it was not the intention of Governor Shivers to commute relator's sentence to time served, thereby entitling him to unconditional discharge, but to pardon or parole him conditionally.

The commutation recommended by the Board of Pardons and Paroles was a form of clemency greater than a conditional parole. Neither removes the disabilities arising from the con-

viction. Commutation of sentence to the time served would have entitled relator to unconditional release; whereas, parole would give only conditional liberty, during which time the sentence would remain in effect.

Two opinions by the Supreme Court of Kansas are cited by relator.

In Jones v. Morrow, Sheriff et al, 121 Pac. 2d 219, a convict serving a ten year sentence in Louisiana, without his consent, was "reprieved" to serve a five year concurrent Federal sentence, conditioned that if released before the expiration of the Louisiana sentence he would be returned to that state to serve out his sentence.

Pointing out that Jones had agreed to perform no conditions with respect to his release, and had violated no agreement; that it was not contended that the "so called reprieve" constituted a pardon, and that the order was made entirely without regard to the wishes, consent or agreement of Jones, extradition was refused, and the "so called reprieve" construed to be a commutation of sentence.

In Re Charles, et al, 222 Pac. 606, also by the Supreme Court of Kansas, construed instruments releasing prisoners confined in the Kansas State Penitentiary in order that they might enlist in the Army of the United States for service in World War One. The instruments were held to be ambiguous and were construed to be commutations rather than conditional pardons.

The instruments by which these prisoners were released were not delivered to them and they understood that their discharge was unconditional when they enlisted in the Army, where they served honorably until their discharge at the end of hostilities.

Also the instruments contained such language as "commute the sentence of said paroled prisoner so that it shall terminate September 18, 1918, at which time he is restored to all rights, privileges, immunities and franchises possessed by him before such conviction." The conditions which were violated long after the prisoners had been discharged from the Army were conditions subsequent.

As we understand the above authorities they apply the rule hereinbefore stated which is: the clemency proclamation will

be construed to be what it is, and its real nature is not changed by what it is called.

It is true that the courts, in construing the proclamation, should presume that the Governor acted in a regular and lawful manner.

The application of this rule avails relator nothing. If the proclamation be construed as commutation, then Governor Shivers exceeded his authority in requiring relator to comply with conditions in order to enjoy it. If, on the other hand, the proclamation be construed as granting a conditional pardon without the required recommendation of the Board of Pardons and Paroles, the proclamation does not furnish a basis for relator's claim that he is unlawfully restrained of his liberty.

Construing the clemency proclamation as granting a conditional parole, a lesser clemency than that recommended by the Board of Pardons and Paroles, complies with the rules stated and also requires that the relief prayed for be denied.

We know of no reason why the Governor would be precluded from granting a lesser clemency than that recommended by the Board of Pardons and Paroles.

While the questions raised are novel and interesting, we are unable to reach the conclusion that the proclamation of Governor Shivers entitles relator to discharge from further confinement in the penitentiary under the Jefferson County sentence of ten years, affirmed by this court in La Fors v. State, 161 Texas Cr. Rep. 544, 278 S.W. 2d 837.

The application for writ of habeas corpus is refused.

DAVIDSON, Judge, dissenting.

The Board of Pardons and Paroles recommended to the Governor that the relator's sentence be commuted to the time served.

If that recommendation was approved by the Governor, the relator was released from custody.

It was within the power of the Texas Board of Pardons and and Paroles to make that recommendation of commutation of sentence. Art. IV, Sec. 11 (eleven), Const.

It was within the power of the Governor of this state to do

one of two things: He could either accept the recommendation or reject it. He was without authority to substitute another or different form of clemency for that recommended by the board. Any effort on his part to do so would be void, for want of authority. Id.

It follows, therefore, that the conditional pardon for relator which the Governor issued was absolutely void, as such, because it had not been first recommended by the Texas Board of Pardons and Paroles. The conditional pardon was not issued by the Governor upon the recommendation of the Texas Board of Pardons and Paroles.

Whatever effect be given to the Governor's proclamation, relator was released from custody.

To my mind, it is clear that in the issuance of his proclamation the Governor was following, accepting, and attempting to carry out and put into effect the recommendation of the Texas Board of Pardons and Paroles. Such being true, the proclamation of the Governor should be given the effect of and construed as awarding to the relator the commutation of sentence which had been recommended. It is only by so construing the proclamation that any effect, whatsoever, can be ascribed thereto.

When that construction is given to the Governor's proclamation, it shows a valid exercise by the Governor of this state of a power expressly conferred upon him by the Constitution.

On the other hand, if the proclamation of the Governor be strictly construed as the granting of a conditional pardon, only, and not a commutation of sentence, then we have the Governor entering a proclamation that was absolutely void and issued not with constitutional authority but in total disregard thereof.

So then we have, here, a proclamation by the Governor that is susceptible of two constructions: One will give validity, force, and effect to that instrument; the other will render it void, as evidencing upon usurpation of power and authority by the Governor of this state.

It has always been a rule of statutory construction that if a statute be susceptible of two constructions, one of which will render it valid and the other will nullify it, that which sustains will prevail—which means that all doubt will be resolved in

favor of the validity of the statute. 39 Texas Jur., Statutes, Sec. 111, p. 206.

If such rule be proper in construing an act of the legislature, why would not the same also be true in interpreting an act of the chief executive of this state? I submit that it would.

But, in total disregard of that rule, my brethren follow the very opposite course, here. They adopt the construction that destroys and nullifies the Governor's proclamation, rather than accept that which renders the proclamation valid.

The proclamation of the Governor should be given the construction of being an acceptance on his part of the recommendation of the Board of Pardons and Paroles.

My brethren devote much time to a discussion of the conditional pardon and to the conditions upon which it was issued.

I cannot help wondering how a wholly and totally void instrument can be relied upon to fix the rights of this relator. Yet that is what my brethren here do.

Any justice of the peace in this state would have as much authority to issue a conditional pardon to relator as did the Governor of this state under this record — which is absolutely none. The Governor does not have the power and the authority to issue or grant a conditional pardon of his own volition or election. He can only do so when the Board of Pardons and Paroles so recommends.

No such recommendation here appears and, so far as this record is concerned, none has ever been made by the board.

Then why so much consideration of the instrument representing a wholly void act?

The situation demonstrates that what the Governor intended to do was to grant the recommendation of the board.

The Governor ought not to be cast in the position of having openly defied the Constitution of this state in doing and promulgating that which he had no authority to do, when all the facts show that such was not his intention. Yet that is the situation in which he finds himself, under the holding of my brethren.

If the construction and interpretation which my brethren

give to the Governor's proclamation be correct, then the relator is at liberty and free from confinement in the penitentiary under a void proclamation.

Relator cannot violate the terms of a void order, because no order existed. By what authority, then, is he to be retaken into custody? Certainly he has not escaped from the penitentiary; he was voluntarily liberated from that institution by those in charge. By what authority, then, is he to be returned to the penitentiary, and who issued the warrant for his arrest?

The answers to these questions all point to but one conclusion, that is that relator was given his release from custody when the Governor granted the recommendation of the Texas Board of Pardons and Paroles to commute his sentence.

It is apparent, therefore, that there exists, now, no legal sentence against the relator.

It occurs to me, finally, that where the acts, conduct, orders, proclamations, and decrees of these executive or administrative officers, acting within the scope or apparent scope of their authority, are susceptible of two constructions — one favorable to the convict and the other unfavorable — the presumption of innocence which follows all defendants demands and requires that the construction favorable to the accuseds be followed.

Such a disposition strongly appeals to me as making the right prevail and the due administration of justice and equity an actuality.

The relator has been given clemency by the authorities of this state having the power to so do. He should not be further punished by confinement in the penitentiary.

My dissent is hereby entered.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

In a studious and forceful motion, appellant's counsel interprets our original opinion as holding that the clemency granted by the Governor was a lesser form of clemency than was recommended by the Texas Board of Pardons and Paroles. He points to the fact that, taken on its face, the document signed by the

Governor was a conditional pardon and asserts that a conditional pardon is a greater form of clemency than a commutation because the convict, once he has performed the conditions, is restored to the full privileges of citizenship, while a convict whose sentence has been commuted is in the same position as any other ex-convict who has served his full term.

The majority are committed to the rule that the greater includes the lesser and a Governor may grant a lesser included form of clemency than recommended by the Texas Board of Pardons and Paroles but may not constitutionally grant a greater form.

We are at a loss to determine how relator might be afforded relief in the face of such rule.

The sole question we must decide in this proceedings is whether relator's confinement is lawful. He is now confined by either of the following:

1. The proclamation of Governor Daniel revoking the clemency extended to him by Governor Shivers, or

2. The original judgment of conviction.

If the clemency granted the relator by Governor Shivers was a conditional pardon which was a greater form of clemency than recommended by the Board, then the act of Governor Shivers was void, and relator should never have been released originally. If this be so, then he is legally confined by virtue of the original judgment of conviction.

The only possibility of granting relief to relator lies in this court holding that Governor Shivers commuted relator's sentence to time served. The proclamation shows on its face that it was not a commutation of sentence. Relator's counsel aptly demonstrates the legal question here presented: Suppose the Board of Pardons recommends that an inmate in the penitentiary be released on furlough or parole for a period of six months. Is the Governor authorized upon such recommendation to issue his proclamation granting such convict a furlough or parole for three months?

We hold that such a proclamation would be within the recommendation of the Board and would be within the power vested in the Governor under Article IV, Section 11 of the Constitution

We further hold that such a proclamation could not be construed as granting such furlough or parole for the full six months as recommended by the board, for to so construe the proclamation would be to hold that the pardoning power is vested in the Board of Pardons and Paroles, and not in the Governor upon the recommendation of the Board.

Remaining convinced that relator's confinement is not unlawful, the motion for rehearing is overruled.

## ON RELATOR'S SECOND MOTION FOR REHEARING

DAVIDSON, Judge, dissenting.

The history of this state records that from its inception and until 1936, the pardoning power or power to extend clemency to convicts was exclusively in the hands of the Governor of this state. The people changed that power by amending their Constitution in 1936 (Art. IV, Sec. 11 [eleven]) so that the power to extend clemency to convicts was placed jointly with the Board of Pardons and Paroles and the Governor of this state. The power of the Governor in such matters was expressly limited. He was empowered "on the written signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof, to grant reprieves and commutations of punishment and pardons."

Under that limited authority, what do my brethren here hold? So that there may be no mistake, I quote their holding:

"The majority are committed to the rule that the greater includes the lesser and a Governor may grant a lesser included form of clemency than recommended by the Board of Pardons and Paroles but may not constitutionally grant a greater form."

In other words, the Governor of this state can and has the power, of his own choosing, to grant to a convict clemency without the "signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof" so long as it is a lesser form of clemency than that recommended by the Board of Pardons and Paroles.

So then by the rule to which my brethren here commit themselves the Governor of this state may, of his own volition, extend clemency to convicts in this state without any recommendation of the Board of Pardons and Paroles—and this, in open violation of the Constitution of this state.

So my brethren say that they are committed to the rule that the greater includes the lesser form of clemency! In order to make that determination, then, there must be some guide by which it may be ascertained what a greater or lesser form of clemency is. If there be any such guide, rule, or statute whereby it may be ascertained which form of clemency is greater or lesser than another I do not know what it is or where to find it.

My brethren say that a conditional pardon is a greater form of clemency than commutation of punishment and that, for such reason, the Governor had no authority, here, to grant to relator a conditional pardon upon a recommendation for commutation of punishment by the Texas Board of Pardons and Paroles.

I do not know where my brethren get the idea that "The commutation recommended by the Board of Pardons and Paroles was a form of clemency greater than a conditional parole," as set forth in the original opinion.

I am unable to find any authority for that statement. There is nothing in the conditional pardon, here, that shows that relator could ever become entitled to a full pardon or be relieved of the sentence imposed. The conditions upon which the pardon was issued were such that so long as relator complied therewith he was at liberty to remain out of prison. At no time would he, by the terms thereof, ever serve his sentence. For as long as he lived and obeyed the conditions imposed, he was never entitled to be fully released. If any pardon were ever to be given, it would be by a new and other act of clemency; it would not arise under the conditional pardon.

So then if my brethren be correct, a recommendation of the Texas Board of Pardons and Paroles for a conditional pardon could be rejected by the Governor and, after such rejection, the Governor could commute the punishment of his own volition because that form of clemency was less than that recommended by the Texas Board of Pardons and Paroles.

Then if the Governor has the power, of his own volition, to extend to convicts a lesser clemency than that recommended by the Board of Pardons and Paroles—as my brethren hold—he can grant any form of clemency he desires, because the constitutional limitation has been destroyed and is no longer in force and effect. If the limitation that the Constitution placed upon the granting of clemency no longer exists, I wonder where the Governor would get his authority to grant clemency of any na-

ture? The Constitution would give him no such power, because it no longer exists.

My brethren say that relator is subject to be confined either because Governor Daniel has revoked the clemency extended by Governor Shivers or because of the original conviction.

If the clemency extended by Governor Shivers was void, as my brethren hold, then there was no valid clemency for Governor Daniel to revoke. His order of revocation is therefore based upon a void proclamation which never existed.

I cannot conceive how a void, non-existent proclamation could be subject to revocation.

The revocation of the proclamation of Governor Shivers by Governor Daniel could not authorize relator's arrest.

Relator was voluntarily released by the penitentiary authorities. He is not, then, an escaped convict from prison.

If relator was released upon a void proclamation, he is not to be blamed therefor. If the proclamation of Governor Shivers was void, as my brethren hold, because it was a conditional pardon, then to all intents and purposes of the law the recommendation of the Texas Board of Pardons and Paroles has never been acted upon. So far as this record is concerned, it is yet on the Governor's desk.

I am unwilling to attribute to Governor Shivers the doing of an official act in total and absolute disregard and violation of the Constitution of this state. Governor Shivers knew that the Constitution of this state authorized the granting of clemency only upon the recommendation of the Board of Pardons and Paroles. He knew, also, that if he granted a conditional pardon when the Board of Pardons and Paroles had recommended only a commutation of sentence such act would be void. Surely Governor Shivers could not be said to have deliberately and openly violated the Constitution of this state.

When the proclamation of Governor Shivers is examined in the light of that knowledge, it is, to my mind, altogether reasonable and proper to say that when he issued the conditional pardon he was intending to carry out the recommendation of the Texas Board of Pardons and Paroles and to thereby grant to

64

relator commutation of punishment. Such construction is in keeping with the presumption that when two constructions may be given to an order of an executive of this state, that which sustains will be employed over that which destroys. Such construction is also in keeping with fairness and justice. I am convinced that the proclamation of Governor Shivers should be treated as approving the recommendation of the Texas Board of Pardons and Paroles that relator's punishment be commuted.

I hereby enter my further dissent.