Ex parte Harry L. WASHBURN.

No. 43577.

Court of Criminal Appeals of Texas.

Nov. 10, 1970.

Abney & Burleson by Phil Burleson, James A. Mills, Dallas, William I. Marschall, Jr., San Angelo, for petitioner.

Henry Wade, Dist. Atty., and John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is a second application for a writ of habeas corpus from the petitioner. His last case is reported as Ex Parte Washburn, Tex.Cr.App., 383 S.W.2d 592, and the issues in that writ are unrelated to those in the present application.

Petitioner seeks to have this Court order that he be granted credit for time spent in jail while he was held without bond from the date of his arrest through his first trial; the appeal, which resulted in a reversal; his second trial, and the appeal of that case, in which the conviction was affirmed.

The time which petitioner spent in jail between his arrest on January 29, 1955 and January 2, 1959, the date on which he actually began to serve his sentence, can be divided into four periods.

1. The period of time between petitioner's arrest on January 29, 1955, and his original sentencing on January 16, 1956.

2. The period of time between the original sentence on January 16, 1956, and the date the mandate issued from this Court reversing said conviction and sentence on March 29, 1957.[1]

3. The period of time between the above mandate on March 29, 1957, and the date that petitioner was sentenced following a new trial, September 6, 1957.

4. The period of time between the sentence on September 6, 1957, and the date the mandate issued affirming this conviction and sentence on January 2, 1959.[2]

Petitioner applied to the trial court, in which he was finally sentenced, for credit on his sentence from the date of arrest. The habeas court granted him credit for periods two through four, but did not grant credit for period one. Petitioner requests that this Court affirm the action of the habeas court and order that he also be given credit for period one.

■ Petitioner was constitutionally entitled to credit for periods two and four. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. See also Ex Parte Griffith, Tex.Cr.App., 457 S.W.2d 60.

■ It was discretionary with the judges who sentenced petitioner at the time of his original conviction and at the time of

1. Washburn v. State, 164 Tex.Cr.R. 448, 299 S.W.2d 706.

2. Washburn v. State, 167 Tex.Cr.R. 125, 318 S.W.2d 627.

his second conviction to grant him credit for the time he had spent in jail prior to trial, under Article 42.03, Vernon's Ann.C.C.P. Neither judge gave such credit, thereby exercising their discretion. The habeas judge is without authority to grant petitioner credit for period three. He did not err in refusing to grant petitioner credit for period one, but did err in granting him credit for period three, Gremillion v. Henderson, 425 F.2d 1293 (5th Cir., 1970).

A copy of this opinion will be forwarded to the Department of Corrections.

It is so ordered.