Edward WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44723.

Court of Criminal Appeals of Texas.

March 1, 1972.

Rehearing Denied May 9, 1972.

Malcolm Dade, Dallas (Court appointed on appeal), for appellant.

Henry Wade, District Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary with two prior noncapital convictions alleged for enhancement; the punishment, life.

Appellant pled guilty before a jury. He does not contest the sufficiency of the evidence regarding the primary offense.

Appellant's sole ground of error is that there is insufficient evidence to sustain the enhancement portion of the indictment. The second paragraph of the indictment alleges a 1961 burglary conviction in Collin County, and the third paragraph describes a 1958 Dallas County burglary conviction. Appellant claims that there is no evidence to support the allegation in the indictment that the "second offense [1961] was committed after the first offense [1958] became final."

■ After the jury returned a verdict of guilty to the primary offense, the two enhancement paragraphs of the indictment were read to appellant separately and after each, the court called upon him to answer "true or untrue." In spite of the objections and sidebar remarks being made at the time, the statement of facts reflects that appellant answered "true" to one of the paragraphs. It does not clearly reflect his answer to the other. However, after the reading was completed, the following colloquy occurred:

"THE COURT: . . . but again I ask the Defendant if these counts that have just been read to the jury, the paragraphs alleging prior burglaries, are they true or untrue?

"MR. JONES: Your Honor, they are true subject to the proof which the Court understands we intend to prove duress regarding the Collin County [1961] offense.

"THE COURT: All right. Let the record show that the Defendant has answered that they are true subject to certain objections that he has made and he wishes to face the State on proof as I understand it.

"MR. JONES: We do, your Honor.

"THE COURT: Let the record so show. All right. Will you call your witnesses."

From the foregoing it is apparent that appellant admitted the enhancement allegations stated in the indictment in open court, to-wit: that the 1961 offense alleged in paragraph two of the indictment was a final conviction for an offense committed prior to the commission of the primary offense and that the 1958 offense alleged in paragraph three was a final conviction for an offense committed before the 1961 offense. Cf. Darden v. State, Tex.Cr.App., 430 S.W. 2d 494.

■ The only fact issue which remained for the jury's consideration was whether the appellant was represented by counsel during the 1961 Collin County proceeding. Testimony was heard from the appellant and from attorney John Gay of the Collin County Bar. Mr. Gay testified that although he had no independent recollection of the appellant, he had checked the docket and the papers in the case and concluded that he had represented appellant at the trial in question.

The court submitted the question to the jury in the following manner:

"You are further instructed that any conviction obtained while the defendant was indigent and not represented by counsel may not be considered against him in any further proceedings including this trial. Therefore, unless you find from the evidence beyond a reasonable doubt that the defendant was once before convicted of a felony offense less than capital, to-wit,

burglary in Cause No. A–9198 in the 59th District Court of Collin County, Texas, on the 19th of January, 1961, and upon an indictment then pending in the last named court, and defendant was represented by counsel at that time, then you will not consider the aforesaid conviction for any purpose."

The jury found against appellant's contention, and by their verdict, determined that he was the individual who committed the two offenses alleged for enhancement and assessed his punishment to life imprisonment thereby resolving the fact adversely to appellant.

The evidence is sufficient to sustain the conviction.

The judgment is affirmed.