Ex parte Robert E. FREEMAN.

No. 44712.

Court of Criminal Appeals of Texas.

Nov. 15, 1972.

---

Roy E. Greenwood, Staff Counsel for Inmates, Huntsville, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post conviction application for a writ of habeas corpus brought under the provisions of Article 11.07, Vernon's Ann. C.C.P.

Petitioner urges this court to order that he be granted credit for the time spent in custody of the authorities of the State of Texas from the time he was arrested until the time his death sentence was commuted to life imprisonment, including the time he was committed to the Rusk State Hospital.

The record reflects that petitioner has been in continuous confinement since his arrest on June 17, 1957. The commutation was granted on October 20, 1965, and the petitioner has been given credit on his sentence since that date.

In determining the question before us, some background information is essential.

Petitioner's trial concluded on October 24, 1957 with the jury finding him guilty of murder with malice and assessing his punishment at death. His amended motion for new trial was overruled and notice of appeal was given on January 10, 1958. There was no formal sentence imposed in view of the filing of the notice of appeal and the assessment of the death penalty.

See Article 42.04, Vernon's Ann.C.C.P. Petitioner's conviction was affirmed on June 25, 1958, and the motion for rehearing was overruled on November 12, 1958. Freeman v. State, 166 Tex.Cr.R. 482, 317 S.W.2d 726 (Tex.Cr.App.1958). The mandate of this court issued on November 28, 1958.

On December 18, 1958, a separate sanity hearing was conducted in the convicting court. The jury found petitioner insane *at that time* and he was committed to the Rusk State Hospital on January 9, 1959. Subsequently, he was returned for a restoration hearing on June 10, 1965 and the petitioner was found sane by a jury *at that time* and, on the same date, the court formally imposed the death sentence setting the execution date as July 22, 1965. After several stays of execution, the Honorable John Connally, Governor of the State of Texas, upon the recommendation of the Board of Pardons and Paroles, commuted the death sentence to life imprisonment on October 20, 1965.[1]

■ Commutation of sentence was defined in Ex parte LeFors, 165 Tex.Cr.R. 51, 303 S.W.2d 394 (Tex.Cr.App.1957), to mean a changing of the punishment assessed to a less severe one. Even though a commutation limits and modifies the punishment assessed at the time of conviction, it has no effect on the adjudged guilt of the prisoner. The legal effect of a commutation of sentence on the prisoner's status is as though the prisoner's sentence had originally been assessed at the commuted punishment. 59 Am.Jur.2d Pardon and Parole § 65, p. 45; 67 C.J.S. Pardons § 15, p. 587.

Further, the date of the commutation of petitioner's sentence is not "back dated." *Cf.* Ex parte Griffith, 457 S.W.2d 60 (Tex.Cr.App.1970).

■■ With this background we return to the question of whether petitioner is en-

---

1. Commutation Proclamation Order No. 65–3371. See Texas Constitution, Article IV, § 11, Vernon's Ann.St.

titled to all or just certain periods of time spent in confinement. These time periods shall be discussed in chronological order insofar as possible.[2]

The first period of time in question is that period between petitioner's arrest on June 17, 1957 and January 10, 1958 when his notice of appeal was given.[3] Article 42.03, Vernon's Ann.C.C.P., gives the trial judge complete discretion as to granting credit on a sentence for time spent in jail prior to trial and sentencing. This court stated in Vessels, supra, that it was doubtful that this statute applies in death penalty cases. Nevertheless, in the instant case, no "jail time credit" was granted by the trial judge. In Gremillion v. Henderson, 425 F.2d 1293 (5th Cir. 1970), the Fifth Circuit Court of Appeals held that there was no federal constitutional right to credit for time served prior to sentencing. See Ex parte Washburn, 459 S.W.2d 637 (Tex.Cr.App.1970). Therefore, since the court exercised its discretion, the petitioner is not entitled to credit on his commuted sentence for this period of time spent in jail prior to trial and the giving of the notice of appeal.

The next time period in question is between January 10, 1958 when petitioner's notice of appeal was given and November 28, 1958 when the mandate of this court affirming petitioner's conviction was issued. The petitioner is constitutionally entitled to credit on his commuted sentence for this period of time spent in jail pending his appeal. Vessels v. State, supra; Ex parte Washburn, supra; Ex parte Griffith, supra; North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656; Robinson v. Beto, 426 F.2d 797 (5th Cir. 1970). See Ex parte Harris, 460 S. W.2d 150 (Tex.Cr.App.1970); Alston v. State, 458 S.W.2d 820 (Tex.Cr.App.1970); Ex parte Melancon, 457 S.W.2d 66 (Tex. Cr.App.1970).

Still another time period in question is the time of commitment to the Rusk State Hospital from January 9, 1959 until the petitioner's restoration of sanity hearing on June 10, 1965.

Article 46.01, Vernon's Ann.C.C.P., (Mental illness after conviction), provides in § 8 thereof:

"The time a prisoner is confined in a State mental hospital for treatment shall

---

2. In Vessels v. State, 467 S.W.2d 259, 263 (Tex.Cr.App.1971), and Ex parte Washburn, 459 S.W.2d 637, 638 (Tex. Cr.App.1970), this court divided the periods of time which the prisoners were seeking to have credited to their sentences into four different periods. Periods one and three consisted of jail time prior to sentencing or giving of notice of appeal in the two trials, i. e., the original trial and the re-trial after a reversal by this court of the original conviction. The crediting of time for these two periods is discretionary with the respective trial court judges who sentenced the prisoners at the time of their original conviction and at the time of their second conviction. Article 42.03, Vernon's Ann.C.C.P. The trial judge who imposes sentence on the prisoner at the re-trial may not grant him credit for time spent in jail prior to the first trial, as this discretion rests only with the original trial court judge. See Gremillion v. Henderson, 425 F.2d 1293 (5th Cir. 1970). Periods two and four consisted of time the prisoners spent in jail pending appeal and they were constitutionally entitled to have their sentences credited with this time. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656; Robinson v. Beto, 426 F.2d 797 (5th Cir. 1970). This logical division of the times in question is not strictly followed in this case because here we are dealing with a commutation of the original sentence, whereas in Vessels and Washburn, the prisoners had successfully appealed their original convictions to this court and were re-sentenced at a second trial.

3. As this court pointed out in Vessels, supra, footnote #2, the date of the sentence would normally be the ending date in this period. However, in death penalty cases, formal sentencing is delayed until the case is appealed and the mandate of this court affirming such conviction is received. Article 42.04, Vernon's Ann. C.C.P.

be considered time served and shall be credited to the term of his sentence, but he shall not be entitled to any commutation of sentence for good conduct while he is under treatment in a mental hospital."

In the instant case, petitioner's conviction had been appealed and affirmed prior to the hospital commitment. We do not construe the fact that he had not been formally sentenced as barring application of this article.

Thus, petitioner is entitled to credit for the calendar time spent in the Rusk State Hospital, although not entitled to "good conduct" credit.

■ There are two periods of time between petitioner's arrest and the commutation of his sentence which have not been previously discussed, to wit:

(1) November 28, 1958, when the mandate from the Court of Criminal Appeals affirming the petitioner's conviction was issued until January 9, 1959 when the petitioner was committed to Rusk State Hospital, and

(2) June 10, 1965, when petitioner was adjudged to be sane and formally sentenced to death until October 20, 1965 when the death sentence was commuted to life imprisonment.

We find that petitioner is entitled to credit on his commuted sentence for these two periods of confinement, because the legal effect of his commutation was to treat his sentence as though it had originally been for the commuted term.

In view of the above findings, we hold that petitioner is entitled to credit on his commuted sentence from January 10, 1958, the date his notice of appeal was given, to October 20, 1965 when his original sentence was commuted to life imprisonment.

A copy of this opinion will be forwarded to the Department of Corrections.

There are no other questions raised in petitioner's application for writ of habeas corpus which require notice.

It is so ordered.