Billy STANLEY, Appellant,

v.

The STATE of Texas, Appellee.

Theo Ray THAMES, Appellant,

v.

The STATE of Texas, Appellee.

Robert CURRY, Appellant,

v.

The STATE of Texas, Appellee.

Roy Earl DAVID, Appellant,

v.

The STATE of Texas, Appellee.

Reginald Edison WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

Charles C. SMITH, Appellant,

v.

The STATE of Texas, Appellee.

Cornelius TEA, Appellant,

v.

The STATE of Texas, Appellee.

Elmer BRANCH, Appellant,

v.

The STATE of Texas, Appellee.

Samuel MATTHEWS, Appellant,

v.

The STATE of Texas, Appellee.

Leopoldo MORALES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Arlice James HUFFMAN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 43907, 42540, 43602, 42663, 39803, 41697, 42605, 42306, 44062, 42743, and 42596.

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

Rehearings Denied Jan. 24, 1973 in Nos. 43907, 43602 and 42306.

Rehearing Denied March 7, 1973 in No. 42743.

Crow and James R. Barlow, Asst. Dist. Attys., Waco, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

Will Gray, Johnnie Abercia, Houston, for Roy Earl David.

Carol S. Vance, Dist. Atty., Phyllis Bell and Thomas C. Dunn, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

Will Gray, Houston, Jack Beech (on appeal only), Alfred J. Jackson, Fort Worth (court appointed), for Reginald Edison Wright.

Frank Coffey, Dist. Atty., Glenn Goodnight, Grady Hight, and Roger Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

Marvin O. Teague, Houston (on appeal only), for Charles C. Smith.

Carol S. Vance, Dist. Atty., James C. Brough and Thomas C. Dunn, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

Will Gray, C. C. Divine, Houston, for Cornelius Tea.

Carol S. Vance, Dist. Atty., James C. Brough and Tom Dunn, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

Melvyn Carson Bruder, Barry P. Helft, Dallas, Charles Alan Wright, Austin, J. G. Souris, Vernon, for Elmer Branch.

Bill Neal, Dist. Atty., Vernon, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

John B. Patrick, Houston, for Samuel Matthews.

---

Melvin Bruder, Dallas, James R. Caton, Cleatus M. Phelan, McKinney, for Billy Stanley.

Tom Ryan, County Atty., Tom O'Connell, Asst. County Atty., McKinney, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

Will Gray, Houston, Dalton Gandy, Fort Worth, for Theo Ray Thames.

Frank Coffey, Dist. Atty., Truman Power, John Brady, and R. J. Adcock, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

Walter S. Smith, Jr. (Court appointed on appeal), G. Stanley Rentz, Waco (Court appointed), for Robert Curry.

Martin D. Eichelberger, Dist. Atty., Frank M. Fitzpatrick, Jr., Kenneth H.

Wiley L. Cheatham, Dist. Atty., Cuero, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

Richard T. Marshall, and J. G. Lay, El Paso, for Leopoldo Morales.

Jamie C. Boyd, Dist. Atty., Thomas F. Keever, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

David Ball, Jr., Houston (Court appointed), Will Gray, Houston, for Arlice James Huffman.

Carol S. Vance, Dist. Atty., James C. Brough and Erwin G. Ernst, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

These cases come to us on remand from the United States Supreme Court. All appellants were convicted of murder with malice except for Smith and Branch, who were convicted of rape, and punishment was assessed at death. These convictions have all been affirmed by this Court.[1] In Furman v. Georgia (Branch v. Texas), 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the United States Supreme Court held that the death penalty, as currently imposed, is unconstitutional.

Subsequently, Governor Preston Smith, acting upon the recommendation of the Board of Pardons and Paroles, has granted each appellant a commutation of sentence, from death to life imprisonment.

Appellants now contend that since the judgment was vacated by the United States Supreme Court, there exists no procedure to validly sentence them and, therefore, we should either grant them a new trial, permit them to be re-sentenced by a jury, or release them from custody.

We disagree. The Governor's commutation is valid. We are cognizant of the due process argument raised by appellants. The contention is that appellants have been deprived of their right to have a jury assess the punishment. We are not swayed by the out-of-state cases cited by appellants in support of their argument. See Anderson v. State, 267 So.2d 8 (Fla., 1972); In re Baker, 267 So.2d 331 (Fla.,1972); Huggins v. Commonwealth, Va., 191 S.E.2d 734 (1972); Beaver v. State, 475 S.W.2d 557 (Tenn.Sup.Ct.1971). We are further aware of appellants' argument that when the Governor and Board of Pardons and Paroles acted to commute the sentences, they did so without notifying appellants or their attorneys and thus denied them the right to be heard. Such a notification procedure is not necessary to effectuate either the Governor's or the Board's powers.

There is no reason to conclude that the Governor's constitutionally granted commutation powers are rendered invalid in such cases. This Court only recently dealt with this problem and we see no reason to depart from that holding. See Whan v. State, 485 S.W.2d 275 (Tex.Cr.App.1972).

The order of the Supreme Court is satisfied.

The judgments are affirmed.

---

1. See Stanley v. State, 471 S.W.2d 72 (Tex.Cr.App.1971); Thames v. State, 453 S.W.2d 495 (Tex.Cr.App.1970); Curry v. State, 468 S.W.2d 455 (Tex.Cr.App. 1971); David v. State, 453 S.W.2d 172 (Tex.Cr.App.1970); Wright v. State, 422 S.W.2d 184 (Tex.Cr.App.1967); Smith v. State, 437 S.W.2d 835 (Tex.Cr.App. 1969); Tea v. State, 453 S.W.2d 179 (Tex.Cr.App.1970); Branch v. State, 447 S.W.2d 932 (Tex.Cr.App.1969); Matthews v. State, 471 S.W.2d 884 (Tex.Cr. App.1971); Morales v. State, 458 S.W.2d 56 (Tex.Cr.App.1970); and Huffman v. State, 450 S.W.2d 858 (Tex.Cr.App. 1970).

ODOM, J., not participating in David and Tea.

DOUGLAS, J., not participating in Branch, Wright and Smith.

ONION, Presiding Judge (dissenting).

The cases at bar are in a somewhat different posture than Whan v. State, 485 S. W.2d 275 (Tex.Cr.App.1972) and related cases. In those cases, the United States Supreme Court reversed the judgments of this court insofar as the judgments imposed death sentences and remanded the causes to this court for "further proceedings." Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968); Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969) and Maxwell v. Bishop, 398 U.S. 262, 90 S.Ct. 1578, 26 L.Ed.2d 221 (1970) were merely cited indicating the error as to penalty was in the method of jury selection in these cases where the death penalty was imposed.

This court had two choices open to it. It could have reviewed the record in each case in light of the authorities cited and reinstated the death penalty and again have affirmed the judgment, or if it determined there had in fact been a *Witherspoon* error, it could have remanded the causes to the trial court not for a re-sentencing or hearing on punishment, but for an entirely new trial on the issue of guilt as well as punishment where the death penalty would have been a possible penalty. Ellison v. State, 432 S.W.2d 955 (Tex.Cr. App.1968); Grider v. State, 468 S.W.2d 393 (Tex.Cr.App.1971); Ocker v. State, 477 S.W.2d 288 (Tex.Cr.App.1972). This is so, for as explained in Ellison v. State, supra, ". . . this court is without authority to direct a new trial before a different jury on the issue of punishment only."

While Whan and related cases were pending in this court following remand, the Governor, acting upon the recommendation of the Board of Pardons and Paroles, "commuted" the no longer existent death sentences to life imprisonment. The majority of the court then seized upon such action in order to affirm the convictions which would have otherwise been reversed. For the reasons set forth in my dissenting opinion in Whan v. State, supra, I disagree.

The day after the decision in Whan, the United States Supreme Court handed down its decision in Furman v. Georgia (Jackson v. Georgia, and Branch v. Texas), 408 U. S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (June 29, 1972). This decision held the imposition of the death penalty to be cruel and unusual punishment under the Eighth and Fourteenth Amendments. Although it may be validly argued that the decision did not hold the death penalty unconstitutional per se, it must be conceded that the decision did declare the Texas procedure of assessing the extreme penalty unconstitutional. Cf. Attorney General's Opinion M–1187.

Branch and the other cases here involved were reversed and remanded to this court for further proceedings. See also Stewart v. Massachusetts, 408 U.S. 845, 92 S.Ct. 2845, 33 L.Ed.2d 744. The mandates of the Supreme Court were issued on August 4, 1972.

Even though the only error went to the penalty, the only recourse open to this court was to remand these cases to the trial courts for entirely new trials. Ellison v. State, supra.

While the cases here involved were pending before this court, the Governor acted to commute the death sentences no longer in existence to life sentences in each case.

Appellants contend that process used was not due. They point to the fact that at the time of the commutation the cases were pending before this court which is without authority to re-sentence, and they were entitled to an entirely new trial on the issues of guilt and punishment with the

full range of alternative penalties available, and they were deprived of this right by the intrusion by the Governor into the judicial process which was a perverse extension of his constitutional authority amounting to ex post facto re-sentencing without due process; that since the death sentences had already been vacated (and could not legally be restored as to them), when the Governor sought to commute the punishment there was no penalty to be commuted, and his attempted act was no better than a legislative bill of attainder, which is constitutionally prohibited; that the "commutation" was not an act of clemency (since life imprisonment is the highest penalty now legally applicable to the offenses involved).

Appellants further contend that even if the procedure used can be justified, it still does not meet the requirements of federal due process since it was accomplished upon an ex parte application without notice to appellants or their counsel, and that no reason was given for the "commutation". Cf. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

These are the due process arguments that the majority brushes aside with such summary statements as "The Governor's commutation is valid" and "Such a notification procedure is not necessary to effectuate either the Governor's or the Board's powers." No reasoning is advanced.

The "commutation" in each case was initiated upon the application of the District Attorney, Sheriff or District Judge in the county where the conviction occurred, or at least two of them, as that is the policy of the Texas Board of Pardons and Paroles.[1]

1. The Board's rule as to commutation reads as follows:

COMMUTATION OF IMPRISONMENT OR FINE, OR BOTH (FELONY)

Commutation is a form of clemency but does not remove the disabilities arising from conviction. (Ex parte Lefors, 165 Tex.Cr.R. 51, 303 S.W.2d 394.)

Commutation of sentence involves the changing or modification of the penalty assessed in the court, and if granted results in a penalty lower than that set by the court. Therefore, such action must be based upon facts directly related to the case and not upon outside or unrelated matters.

The Board will not consider any of the following reasons alone as a sufficient basis for commutation of sentence:

A. Hardship to inmate or family.

B. Position or standing of inmate or family in the community.

C. Comparison of penalties.

D. Rehabilitative qualities of the inmate.

E. Good behavior or adjustment in prison.

F. Any other reason not directly connected to the facts upon which the conviction rests.

It is the Board's rule that a recommendation must come from a majority of the trial officials without solicitation on the Board's part. Trial officials are the present Judge of the Court of Conviction, the present prosecuting attorney and the sheriff of the county of Conviction.

If the subject, parolee or inmate, has the recommendation of a majority (2) of the trial officials and no written communication is received from the third trial official, then in that event the Board is required by statute to give that remaining officer at least 10 days notice that such clemency is being considered by the Board or by the Governor.

In cases tried prior to the tenure of the present office holders, the recommendation of person holding such offices at the time of trial of the case may be used to bolster and support the recommendation of the present trial officials, if in compliance with the following rules set out. The combined recommendation of the present officer holders and of the office holders at the time of the trial may be considered in meeting the requirements.

The requirements of a recommendation of the trial officials for commutation of sentence must include:

1. Statement that the penalty was excessive.

2. A definite recommendation from the term to which he was sentenced to a term considered by the officials as just and proper.

3. A statement of the reasons for the recommendation based upon facts directly related to the facts of the case and in existence at the time of the trial.

It is important that the reasons given be based upon facts in existence at the

These officials must state why they are recommending commutation and must recommend commutation to a certain penalty. The Board considered the ex parte application for commutation in each case without notice to the appellants and their counsel, and then made the prosecutor, et al's recommendation the basis for their recommendation to the Governor, who in turn also acted without notice and without giving any reason for such action. Counsel for some of these appellants learned for the first time of such "commutation" when appearing for oral argument before this court.

Appellants herein were not accorded notice, or opportunity either with or without a hearing before either the Board of Pardons or the Governor to present any reasons why commutation should not be granted, or if it was to be granted why the penalty should be commuted to a penalty other than life. The prosecutor, on the other hand, was permitted to make his ex parte recommendation without notice, and it was in fact his recommendation that carried the day in each case.

As noted in my dissenting opinion in Whan v. State, supra, a true commutation may be accomplished without the consent and against the will of a defendant. See Ex parte Lefors, 165 Tex.Cr.R. 51, 303 S. W.2d 394 (1957). In the instant cases there were no acts of clemency involved in the "commutation" since there was no substitution of a lesser penalty for a greater valid punishment. The "commutation" merely imposed the highest possible penalty to which the appellants are now subject. The cases which hold that commutation may

be accomplished without consent involved a higher valid penalty and further the cases did not consider the requirements of due process.

For the reasons stated in my dissenting opinion in *Whan* and for the reason that the due process requirements of notice, hearing, etc., were not accorded these appellants, I dissent.

Even those outside the area of criminal prosecution and thus not entitled to the full panoply of rights due a defendant in such prosecution are nevertheless entitled to due process rights of notice, hearing, etc., in absence of waiver. See Morrissey v. Brewer, supra, (revocation of parole hearings). If this is so, I can find no reason why these appellants in the position in which they find themselves still in the area of criminal prosecution do not at least have similar rights.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

JACKSON, Commissioner.

This is appellant's first motion for rehearing following remand.

On his appeal the judgment of the trial court was affirmed in Morales v. State, Tex.Cr.App., 458 S.W.2d 56 (1970) and his first and second motions for rehearing were overruled.

In this motion appellant's diligent counsel raises three grounds:

1. The Governor having commuted the death penalty to life, he urges that

---

time of the trial, connected with the cases, and such facts should be plainly set out.

Compliance with the above rules are sufficient for the Board's consideration of the application for commutation of sentence, but compliance does not necessarily mean that favorable action will result.

If commutation of sentence is granted, making the inmate eligible for parole evaluation, it does necessarily follow that parole will be granted.

These requirements have no connection with parole. After an inmate becomes eligible for parole consideration under the parole laws, the Board will take the initiatibe, and if favorable action is taken statutory notices will be sent to the trial officials.

No forms are furnished for application for commutation of sentence; however, mimeographed instruction sheets are available from the Board's Austin office.

such commutation is invalid because the Governor did not file within the office of the Secretary of State his reasons therefor.

The commutation from death to life was held valid in Whan v. State, Tex.Cr.App., 485 S.W.2d 275.

If failure to file reasons as required by Art. 48.02, V.A.C.C.P., would invalidate the commutation, which it is not necessary for us to decide, such ground is not applicable, for, in fact, the Governor stated his reasons in his proclamation in these words:

" . . . acting upon and because of the recommendation of the Board of Pardons and Paroles dated September 11, 1972."

We hold that such reasons comply with Art. 4, Sec. 11, Texas Constitution, and Art. 48.02, V.A.C.C.P.

■ 2. Appellant argues that the action of the Governor in commuting his punishment from death to life was an unconstitutional assumption of judicial power by the executive and a denial of due process.

This is no longer an open question since Whan v. State, supra, and in accordance with that decision, we hold against appellant on this ground.

■ 3. Appellant argues that the commutation is invalid because it denies appellant credit for time spent in confinement. His rights to credit for time spent in confinement and for "good time" are fully discussed in Ex parte Freeman, Tex.Cr.App., 486 S.W.2d 556, and in Ex parte Enriquez, Tex.Cr.App., 490 S.W.2d 546 (dated February 21, 1973), and we cannot agree with appellant in this contention.

We overrule the motion for rehearing.

No further motion for rehearing will be filed by the clerk except upon leave of the Court for good cause.

Opinion approved by the Court.