Larry James **GRAY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46064.

Court of Criminal Appeals of Texas.

April 18, 1973.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction by a jury was for felony theft on a plea of not guilty; punishment was assessed by the court at 10 years, enhanced under Article 62, Vernon's Ann.P. C.

■ For his first ground of error appellant says the evidence was not sufficient to show his prior conviction of felony theft as alleged.

After the jury verdict of guilty of the primary offense, with reference to the prior conviction in Cause No. C–65–117–KI after the allegation in the indictment was read, the following occurred:

"THE COURT: Now, Larry James Gray, the matter that was just read to you, are they true or are they untrue?

"THE DEFENDANT: True."

After full admonishments and explanations by the court, these additional questions and answers appear:

"THE DEFENDANT: Yes, sir, I understand.

"THE COURT: And you still persist in acknowledging that those allegations are true. Is that correct?

"THE DEFENDANT: Yes, sir."

During the trial on guilt or innocence, the defendant testified and on cross-examination the following occurred:

"PROSECUTOR: Let me ask that again. Let me ask the whole question again. Are you one and the same Larry James Gray that was duly and legally convicted in Cause Number C–65–117–KI on November 19, 1965, in the Criminal District Court Number 2 of Dallas County, Texas, for theft of the automobile?

"DEFENDANT: Yes, sir.

"PROSECUTOR: Okay.

"THE COURT: Excuse me, Counsel. What was the date of that that you mentioned?

"PROSECUTOR: November 19th.

"THE COURT: And what was the number of that case.

"PROSECUTOR: C–65–117–KI.

"THE COURT: All right. Thank you. Go ahead.

"PROSECUTOR: Okay. Now, then, on that day, on November 19, you were placed on probation, weren't you?

"DEFENDANT: Yes, sir."

And further, as to revocation of probation in the prior felony conviction, appellant testified:

"PROSECUTOR: Okay. And then on the 14th day of April, in the year 1966, your probation that we just talked about a minute ago was revoked. Is that correct? You went back into the same Court, Criminal District Court Number 2. That was Judge King, I believe.

"DEFENDANT: Yes, sir.

"PROSECUTOR: And he revoked your probation and sent you to prison for 2 years. Do you remember that?

"DEFENDANT: On what day was that?

"PROSECUTOR: Let me check now to be sure just a second.

"THE COURT: You better take your exhibit back.

"PROSECUTOR: On July 22nd. The application was filed on April 14, but you actually appeared in Court July 22nd, 1966.

"DEFENDANT: Yes, sir."

Further testimony was as follows:

"PROSECUTOR: And you went on down to the Texas Department of Corrections under a sentence of 2 years. Is that correct?

"DEFENDANT: Yes, sir."

In addition to his plea of "true" and the above quoted evidence, the Court admitted in evidence the docket sheet showing the prior conviction in question and the revocation and sentence, appointment of attorney in that case, and his waiver of jury and plea of guilty therein signed by himself and his attorney, approved by the District Attorney and the Court, all of which were certified to by the District Clerk.

Clearly this evidence coupled with the plea of "true" was sufficient. Williams v. State, Tex.Cr.App., 478 S.W.2d 933; O'Dell v. State, Tex.Cr.App., 467 S.W.2d 444; Shannon v. State, 170 Tex.Cr.R. 91, 338 S.W.2d 462.

We overrule the first ground of error.

■ Appellant's second ground of error is that the court erred in changing the commencement date of the sentence. He argues that since there is a notation on the docket sheet that "Sentence to start 2/4/72 and not 12/29/70 as originally reflected in court reporter's notes," this shows that the Court made this in retaliation against defendant because he took this appeal. There is nothing in the record to substanti-

ate this claim. We overrule this ground of error. See Article 42.03, Vernon's Ann.C. C.P.; Ex parte Washburn, Tex.Cr.App., 459 S.W.2d 637.

The judgment is affirmed.

Opinion approved by the Court.