

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

March 27, 1973

Honorable John Henry Tatum
County Attorney, Angelina County
P. O. Box 582
Lufkin, Texas 75901

Opinion No. H-21

Re: Whether sentence of person
convicted of felony may be
reduced by time that he has
spent in county jail awaiting
determination of his appeal.

Dear Mr. Tatum:

In your request for the opinion of this office you state that a man in
the county jail was convicted of armed robbery, was sentenced to four-
teen years in the Texas Department of Corrections, and has been in
jail for thirty months. His conviction was recently affirmed by the
Court of Criminal Appeals. Because of the length of time he has been
in jail and because he has apparently reformed and will make a good
citizen, you ask whether a district judge has authority to reduce his
sentence.

It is our opinion that the court has no jurisdiction, except for the
application of Article 42.03, Vernon's Texas Code of Criminal Proced-
ure, to enter any order affecting the judgment and sentence. State v.
Klein, 224 S.W.2d 250, (Tex. Crim. 1949). Therefore, the district
judge may not reduce the overall sentence to a term less than fourteen
years.

On the other hand, Article 42.03 does provide that the judge of the
court in which the defendant was convicted may, within his discretion,
give the defendant credit for time spent in jail.

In Ex parte Freeman, 486 S.W.2d 556(Tex. Crim. 1972), the court
held that, under Article 42.03, the trial judge had complete discretion
as to credit on a sentence for time spent in jail but that, pursuant to
N. Carolina v. Pearce, 395 U.S.711, 23 L.Ed.2d 656, 89 S.Ct. 2072
(1969), and Robinson v. Beto, 426 F.2d 797 (5th Cir. 1970), the defend-
ant is constitutionally entitled to credit for the time from conviction
until determination of his appeal.

To answer your question specifically, we would state that the district judge has no authority to reduce the defendant's sentence from fourteen years to some lesser term. He does have discretion, however, to grant credit for pre-trial time spent in jail between arrest and final conviction, and <u>must</u> give credit for time spent in jail awaiting determination of appeal.

### SUMMARY

> After appeal to the Court of Criminal Appeals and affirmation by that court, the trial court lacks jurisdiction to reduce a sentence but does have jurisdiction and discretion to grant credit for time spent in jail prior to final conviction and must give credit for time spent in jail pending appeal.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, Executive Assistant

DAVID M. KENDALL, Chairman
Opinion Committee