



# MEMORANDUM OPINION

No. 04-10-00071-CR

Juan **ENRIQUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 3862
Honorable Donna S. Rayes, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed: July 6, 2011

VACATED

This appeal arises from a very unusual procedure pursued by the appellant, Juan Enriquez, forty-three years after he was convicted of murder, forty-one years after the conviction was affirmed on appeal, and thirty-seven years after his death penalty punishment was vacated by the United States Supreme Court and his sentence was commuted to life by Texas's then governor. Although Enriquez raises several issues on appeal, we must first determine whether

the procedure employed was proper and whether the trial court was authorized to sign the document entitled "Sentence" which is the basis for Enriquez's appeal.

## BACKGROUND

In the underlying case, Enriquez was convicted of murder with malice aforethought and sentenced to the death penalty on October 19, 1966. *See Ex parte Enriquez*, 490 S.W.2d 546, 547 (Tex. Crim. App. 1973). On February 14, 1968, the Texas Court of Criminal Appeals disposed of Enriquez's appeal, affirming the trial court's judgment. *Enriquez v. State*, 429 S.W.2d 141, 145 (Tex. Crim. App. 1968). On June 29, 1972, the United States Supreme Court declared the death penalty void and vacated all death penalty sentences. *Ex Parte Enriquez*, 490 S.W.2d at 547. On August 31, 1972, Enriquez's death penalty sentence was commuted to life by the Honorable Preston Smith, Governor of the State of Texas. *Id.*

On August 20, 2008, Enriquez filed a Motion for Nunc Pro Tunc Pronouncement of Sentence. In his motion, Enriquez contends the trial court elected not to pronounce a life sentence in 1972 upon inquiry by another trial court. Enriquez's motion refers to the trial court's authority to grant nunc pro tunc judgments and requests the trial court to "pronounce the sentence granted to [him] by the Governor of Texas."

The trial court held a hearing on Enriquez's motion on November 4, 2009. The trial court announced on the record that the purpose of the hearing was to rule on Enriquez's motion. At the conclusion of the hearing, the trial court made the following verbal pronouncement:

> THE COURT: It is the order of this Court that the defendant, Juan Rudy Enriquez, who has been adjudged guilty of the crime of murder with malice aforethought in this cause, and whose punishment was assessed by the jury at death in which punishment has been commuted by the Governor of the State of Texas to life imprisonment in the Texas Department of Corrections, that Juan Rudy Enriquez is hereby sentenced to life imprisonment in the Texas Department of Criminal Justice; the Institutional Division as it is currently called. And the

Court hereby remands Juan Rudy Enriquez to the custody of the Sheriff of Karnes County to carry out the terms of this sentence.

The State asked the trial court if it should prepare a formal judgment. The trial judge responded that she wanted a document entitled "Sentence" prepared. In an effort to clarify this response, the trial court instructed the State as follows:

> THE COURT: But I think two things need to occur. I am granting the motion for —
> THE DEFENDANT: Nunc pro tunc.
> THE COURT: — nunc pro tunc as follows —
> [PROSECUTOR]: For the sentence.
> THE COURT: — and announce the sentence as I did.

The trial court subsequently signed a document entitled "Sentence" in conformity with its verbal pronouncement in open court.

## DISCUSSION

"A judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered." *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). The purpose of a judgment nunc pro tunc is to accurately reflect, from the records of the trial court, the judgment that was actually rendered or pronounced at an earlier time. *Id*. at 928; *see also Johnson v. State*, 233 S.W.3d 420, 425 (Tex. App.—Fort Worth 2007, pet. ref'd); *Silva v. State*, 989 S.W.2d 64, 66 (Tex. App.—San Antonio 1998, pet. ref'd). "Thus, a nunc pro tunc entry may be made to correct a judgment to properly reflect the actual order, but may not be used to modify or add additional provisions to an order previously entered." *Ex parte Dickerson*, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986). "A judgment nunc pro tunc is improper if it has the effect of making a new or independent order." *Johnson*, 233 S.W.3d at 426. If the written judgment "perfectly matches the judgment

pronounced in court," a judgment nunc pro tunc is not the proper remedy. *Collins*, 240 S.W.3d at 928.

In this case, the trial court's original judgment accurately reflected that a jury found Enriquez guilty of the offense of murder with malice aforethought and assessed the death penalty as punishment. As a result, the judgment "perfectly matches" the judgment pronounced in open court. *Id*. Although Enriquez's sentence was subsequently commuted by the Governor of Texas, the trial court's judgment was required to reflect the judgment that was actually pronounced at the earlier time. *Id*. Because the trial court granted a nunc pro tunc that modified the judgment previously entered, the nunc pro tunc entry was erroneous. *Ex parte Dickerson*, 702 S.W.2d at 658.

It appears the process in this case became confused based on Enriquez's insistence that the trial court was required to pronounce a sentence. Enriquez's argument relating to the need for a sentencing procedure following the commutation of a sentence is similar to the arguments made in *Whan v. State*, 485 S.W.2d 275 (Tex. Crim. App. 1972), and *Stanley v. State*, 490 S.W.2d 828 (Tex. Crim. App. 1972). If the commutation of a death penalty sentence required a new sentence to be pronounced, however, the Texas Court of Criminal Appeals would have remanded the causes in *Stanley*. Instead, the court rejected the appellants' contention that a new trial was required because no procedure existed to validly sentence them. *Stanley*, 490 S.W.2d at 830.

A commutation of a sentence changes the punishment assessed to a less severe one. *Ex parte Freeman*, 486 S.W.2d 556, 557 (Tex. Crim. App. 1972). "[A] commutation does not affect the judgment, but merely mitigates the punishment which can be given." *Whan*, 485 S.W.2d at 277. "The legal effect of a commutation of sentence on the prisoner's status is as though the

prisoner's sentence had originally been assessed at the commuted punishment." *Ex parte Freeman*, 486 S.W.2d at 557. "That being the case, no change in the original judgment is necessary." *Whan*, 485 S.W.2d at 277. Moreover, no additional procedure is required for the prisoner to be validly sentenced to the commuted sentence. *See Stanley*, 490 S.W.2d at 830.

**CONCLUSION**

Because the original judgment "perfectly matched" the judgment pronounced in open court in the underlying cause and because no additional procedure was necessary for Enriquez to be validly sentenced to life imprisonment, the trial court erred in granting a nunc pro tunc entry. Accordingly, the trial court's "Sentence" is vacated, and the original judgment is reinstated subject to the Governor's commutation order.

Catherine Stone, Chief Justice

DO NOT PUBLISH