

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00356-CR

**EX PARTE** Juan **ENRIQUEZ**

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 3862-G
Honorable Donna S. Rayes, Judge Presiding

Opinion by:   Rebeca C. Martinez, Justice

Sitting:   Karen Angelini, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  August 8, 2018

AFFIRMED

Juan Enriquez appeals the trial court's order denying his application for writ of habeas corpus.  We affirm the trial court's order denying habeas relief.

## BACKGROUND

The underlying facts were set out in this court's previous opinion in *Enriquez v. State*, No. 04-10-00071-CR, 2011 WL 2637370, at *1 (Tex. App.—San Antonio July 6, 2011, pet. ref'd) (mem. op., not designated for publication).  Enriquez was convicted of murder with malice aforethought and sentenced to death on October 19, 1966.  *See Ex parte Enriquez*, 490 S.W.2d 546, 547 (Tex. Crim. App. 1973).  On February 14, 1968, the Texas Court of Criminal Appeals disposed of Enriquez's appeal, affirming the trial court's judgment.  *Enriquez v. State*, 429 S.W.2d 141, 145 (Tex. Crim. App. 1968).  On June 29, 1972, the United States Supreme Court rendered

its opinion in *Furman v. Georgia*, 408 U.S. 238 (1972), and declared the death penalty void and vacated all death penalty sentences. *Ex parte Enriquez*, 490 S.W.2d at 547. On August 31, 1972, Enriquez's death penalty sentence was commuted to life by the Honorable Preston Smith, Governor of the State of Texas. *Id.*

On January 19, 2016, Enriquez filed an application for writ of habeas corpus pursuant to articles 11.01 and 11.08 of the Texas Code of Criminal Procedure.[1] In his writ application, Enriquez alleged his October 19, 1966 sentence was rendered constitutionally void by the United State Supreme Court's ruling in *Furman*, and that his 1966 capital murder conviction and death sentence are a nullity. He further argued the Governor's commutation of his death sentence to life imprisonment is null and void because a commutation cannot be imposed upon a void conviction. After holding a hearing, the trial court denied Enriquez's writ application. The trial court concluded that Enriquez "is being lawfully detained by the State pursuant to the judgment signed on October 19, 1966 by this Court in cause number 3862 . . ., subject to the Governor's commutation order."

## DISCUSSION

An applicant for post-conviction habeas corpus relief bears the burden of proving his or her claim by a preponderance of the evidence. *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016). In reviewing the trial court's order, we view the facts in the light most favorable to the trial court's ruling, and we uphold the ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).

In his first issue, Enriquez argues:

Appellant was tried in a unitary trial in 1966 in which his guilty verdict could not be decided without the simultaneous punishment of death. (Art. 37.07 TEX. CODE CRIM. P.). *Furman v. Georgia*, 408 U.S. 238 (1972) adjudged unconstitutional this

---

[1] On October 19, 2016, Enriquez filed a supplemental application for writ of habeas corpus pursuant to article 11.08.

Texas capital felony statute as written and imposed. This resulted in both Appellant's death penalty conviction and sentence being nullified. Therefore, the death penalty verdict, conviction, judgment and sentence of Appellant are void and he is entitled to a new trial.

In *Furman*, the United States Supreme Court held that the imposition and carrying out of the death penalty, as authorized by the procedural mechanisms then existing in Texas, constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. *See Furman*, 408 U.S. at 239-40; *Enriquez v. Crain*, No. 03-12-00065-CV, 2014 WL 236859, at *1 (Tex. App.—Austin Jan. 16, 2014, pet. denied) (mem. op.). In response to *Furman*, the Court of Criminal Appeals determined that the Governor of Texas possessed the power under the Texas Constitution to commute all death sentences. *See Whan v. State*, 485 S.W.2d 275, 276 (Tex. Crim. App. 1972). *Furman* did not, however, render the underlying conviction void in cases where a death sentence was commuted to a lesser sentence. *See id.*; *see also Stanley v. State*, 490 S.W.2d 828, 830 (Tex. Crim. App. 1972). As we held in our prior opinion, the commutation order did not affect the judgment in Enriquez's case. *See Enriquez*, 2011 WL 2637370, at *2. Because Enriquez's conviction, judgment, and sentence are not void, he is not entitled to a new trial, and the trial court did not err in denying his habeas application on this basis. Accordingly, we overrule Enriquez's first issue.

In his second issue, Enriquez contends the Governor's commutation order is without effect or authority as there was no verdict, conviction, judgment or sentence to commute after they had all been set aside by *Furman*. Appellant's contention is without merit. We have already concluded that *Furman* did not affect Enriquez's original conviction or judgment. *See Enriquez*, 2011 WL 2637370, at *2. In our previous opinion, we held that no further court action was required after the commutation, and no subsequent pronouncement of sentence was necessary:

> A commutation of a sentence changes the punishment assessed to a less severe one. *Ex parte Freeman*, 486 S.W.2d 556, 557 (Tex. Crim. App. 1972). '[A]

- 3 -

> commutation does not affect the judgment, but merely mitigates the punishment which can be given.' *Whan*, 485 S.W.2d at 277. 'The legal effect of a commutation of sentence on the prisoner's status is as though the prisoner's sentence had originally been assessed at the commuted punishment.' *Ex parte Freeman*, 486 S.W.2d at 557. 'That being the case, no change in the original judgment is necessary.' *Whan*, 485 S.W.2d at 277. Moreover, no additional procedure is required for the prisoner to be validly sentenced to the commuted sentence. *See Stanley*, 490 S.W.2d at 830.

*Id.* In other words, the original conviction and judgment remained intact despite the commutation order changing the punishment assessed to a less severe one. Thus, the Governor's commutation order changing Enriquez's punishment to life imprisonment was valid. *See id.* Because the commutation order was valid, the trial court did not abuse its discretion in denying Enriquez's writ application. We overrule Enriquez's second issue.

Having overruled all of Enriquez's issues, we conclude he has not shown the trial court abused its discretion in denying relief on his writ application. *See Kniatt*, 206 S.W.3d at 664. We affirm the trial court's order denying relief on Enriquez's application for writ of habeas corpus.

Rebeca C. Martinez, Justice

Do not publish