## EX PARTE W. H. BROWN.

No. 24406. April 27, 1949.
Rehearing Denied May 25, 1949.

Relator represented himself.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Upon his conviction for a felony in Harris County, relator was sentenced to serve a term of from two to six years in the penitentiary. After serving for a time, he was granted a six-months' reprieve which was later extended for a period of one year.

Upon the expiration of the time fixed in the extended reprieve, relator did not return to prison nor did he offer himself for such return but remained at large for a period of something like six months and until he was arrested and returned to prison as a reprieve violator.

Relator claims that he is entitled to be given credit on his sentence for the six months he was at large after the reprieve had expired and, with such credit, he has served the sentence imposed and is entitled to be discharged from custody. It is his contention that the extended reprieve remained in effect until revoked.

In accordance with this contention, relator presented his application for the writ of habeas corpus to the judge of the district court of Walker County, who heard the facts and certified same to this court for final determination.

The extended reprieve, upon its face, shows that the rights extended thereunder were "under the terms thereof." With the expiration of the reprieve all rights given to relator thereunder expired.

A convict sentenced to the penitentiary in a felony case may be relieved of the punishment imposed (a) by serving the sentence, (b) by earned commutation, or (c) by the clemency of the pardoning power.

The time which relator seeks to have here credited upon his sentence—that is, the time he was at liberty after the extended reprieve had expired—not coming within any of the conditions mentioned is therefore not available as a credit upon his sentence.

The relief sought by the writ of habeas corpus is refused.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Relator's claim is based upon the proposition that he was granted a reprieve from confinement in the state prison, such reprieve to expire on April 24, 1946. He enjoyed his freedom until that date and continued to remain at large and did not return to prison voluntarily, and as a clemency violator, he was apprehended and returned to prison on October 3, 1947, he being thus at large after the expiration of his reprieve for approximately one year and six months. It is also worthy of note that the record contains a statement and agreement signed by relator, accepting his reprieve, and agreeing therein to return to the prison on or before April 24, 1946, when said reprieve expired. He did not do so, and now desires to add to his time spent in such prison the one year and six months spent at large after the expiration of such reprieve and his return thereto. This he cannot do under the terms of his reprieve, as well as his signed agreement.

The motion for a rehearing will be overruled.