

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

November 18, 1974

The Honorable W. J. Estelle, Jr.
Director
Texas Department of Corrections
Huntsville, Texas 77340

Dear Mr. Estelle:

Opinion No. H- 451

Re:  Whether prison inmate is
subject to discipline for
infraction committed while
on emergency reprieve.

You have requested an opinion from us as to whether

> . . . an inmate of Texas Department of Corrections
> is subject to disciplinary action by The Department
> of Corrections under its rules and regulations while
> he is on a Board of Pardons and Paroles reprieve to
> a hospital, some other institution, or a funeral, or
> is his conduct subject only to other authorities under
> other legal provisions?

The Board has established a procedure through which inmates of the
Texas Department of Corrections may be granted permission to leave
those facilities to obtain medical care, and to attend to critical illness
or deaths within the inmate's immediate family.  Board of Pardons and
Paroles, Handbook on Parole and Executive Clemency in Texas at pp. 112-
114 (1970).  In your letter you speak of such procedures as "reprieves."

There is no constitutional nor statutory definition of reprieve.  Texas
cases have described it as a postponement of the execution of the sentence
to a day certain.  Snodgrass v. State, 150 S. W. 162,  165 (Tex. Crim. App.
1912).  It has been said that it is the withdrawing of a sentence for an
interval of time, that it does not and cannot defeat the ultimate execution
of the judgment of the court, and that the period of a reprieve is not to
be counted upon service of the person's prison term nor credit given
therefor.  Ex parte Black,  59 S. W. 2d 828,  829 (Tex. Crim. App. 1933).  In
view of these authorities we believe that in cases other than capital, a
reprieve contemplates temporary freedom from custody or supervision.

p. 2079

Thus it is our opinion that an inmate on reprieve is removed from the custody and supervision of the Texas Department of Corrections, and he may receive no credit on his sentence during the period of the reprieve. However, this time may be commuted, Handbook on Parole and Executive Clemency in Texas at p. 104 (1970). The reprieve completely suspends the Department's authority over the inmate, and thus the Department has no basis on which to discipline him for conduct during the reprieve period. However, he would of course be subject to prosecution for criminal acts committed during the period, and is subject to arrest and return to prison should he fail to return upon expiration of the reprieve. Ex parte Brown, 220 S. W. 2d 154 (Tex. Crim. App. 1949).

It is unclear from your opinion request if the situation about which you have asked - that is, where an inmate is temporarily beyond the immediate facilities of TDC for medical treatment or to attend a funeral - is actually a reprieve with the attendant consequences described above. If the inmate who is temporarily beyond TDC facilities is receiving credit on his sentence for the time spent outside TDC facilities and is within the custody and control of TDC personnel, then the inmate is not, in our opinion, on reprieve.

We believe that TDC may exercise its custody and control over inmates beyond the immediate confines of the prison in certain instances, and in such instances the inmates may remain subject to disciplinary action by the TDC.

Article 6166a, V. T. C. S., states that inmates shall have humane treatment. Article 6166g, V. T. C. S., provides that the Texas Board of Corrections together with the Director of TDC shall be responsible for the "proper care, treatment, feeding, clothing and management of the prisoners confined therein." Several cases have held that prison authorities in fact have an affirmative duty to provide medical care for inmates. See Campbell v. Beto, 460 F. 2d 765 (5th Cir. 1972), Taylor v. Sterrett, 344 F. Supp. 411 (N. D. Tex. 1972), aff'd. in part, vacated in part, and remanded, 499 F. 2d 367 (5th Cir. 1974).

In some instances, it may be reasonable and necessary for the Department to exercise its custody and control over a prisoner in need of proper medical care by placing the inmate in a medical facility outside the prison and making reasonable provision or arrangements for supervision of the inmate in that context.

In our opinion, "humane treatment" certainly includes adequate medical care, and arguably is broad enough to encompass permitting attendance at sick beds or funerals of immediate family. In such cases, the inmate would remain a prisoner, subject to all applicable rules and regulations of the Department, and would be subject to disciplinary action by the Department even though not within the immediate confines of the prison. However, beyond provision of medical care, we believe this is an appropriate area for legislative standards and guidelines. See, for example, Article 6166x-3, V.T.C.S., providing for work furloughs.

See also Letter Advisory No. 12 (1973), in which this office advised that Senate Bill 373 of the 63rd Legislature, which would have allowed TDC to grant temporary furloughs to inmates for the purpose of obtaining medical treatment or of attending to family emergencies was not unconstitutional since the temporary furloughs were not reprieves, commutations of punishment, pardons, or paroles, over which the Governor and the Board of Pardons and Paroles have been given exclusive jurisdiction by the Constitution. In Letter Advisory No. 12 this office relied on the fact that the Department would exercise proper security and custody precautions.

## SUMMARY

An inmate beyond the immediate confines of the prison for special purposes not amounting to a reprieve remains a prisoner subject to the Department's rules and regulations and to its security and custody precautions.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee